BONNIE and CURRY FIRST, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
First v. Commissioner
Docket No. 6133-75
United States Tax Court
T.C. Memo 1976-36; 1976 Tax Ct. Memo LEXIS 367; 35 T.C.M. (CCH) 147; T.C.M. (RIA) 760036; February 10, 1976, Filed *367 Bonnie and Curry First, pro se. Edward J. Roepsch, for respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This motion for judgment on the pleadings was assigned to and heard by Special Trial Judge Lehman C. Aarons. This Court agrees with and adopts his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE AARONS, Special Trial Judge: This case is presently before the Court on respondent's motion for judgment on the pleadings filed October 1, 1975, pursuant to Rule 120, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency of $469.93 in petitioners' 1972 income tax. Petitioners herein dispute respondent's disallowance of their "war crimes deduction" in the amount of $2,473.34. Petitioners are husband and wife and resided in Milwaukee, *368 Wisconsin, at the time of the filing of their petition. They filed a timely joint federal income tax return for the taxable year 1971 with the district director of internal revenue, Milwaukee, Wisconsin. Petitioners' claim to the deduction rests upon the propositions that the United States' involvement in Southeast Asia in the absence of a formal declaration of war was unconstitutional; that under the Nuremberg Principles the payment of taxes used to support such a war would have rendered petitioner an unwilling participant in alleged criminal activities of the United States; and finally that by virtue of the free exercise clause of the First Amendment protecting religious, moral and ethical beliefs, the petitioners were justified in taking a war crimes deduction based on their conscientious objection to participation in war in any form. Facing the threshold question of the justiciability of the arguments raised by petitioners, this Court has very recently held in a very similar case that "a taxpayer, as such, lacks the requisite personal stake in the outcome of controversies involving alleged violations of international law." Lorna H. Scheide, 65 T.C. - (Dec. 2, 1975). *369 We have also very recently considered the question whether the conflict with moral, religious and ethical principles, experienced and expressed by the petitioners, causes them to have a sufficient stake to give them standing to raise these issues, i.e., does such conflict put petitioners in danger of being accomplices to war crimes. This was thoroughly considered in the case of John David Egnal, 65 T.C. - (Nov. 4, 1975). We held therein that a citizen's payment of taxes does not constitute complicity within the meaning of the Nuremburg Principles. Aside from the question of justiciability, this Court has also held that alleged violations of international law (e.g., Nuremberg Principles) by the United States in the conduct of its foreign relations do not exempt a taxpayer from complying with the tax laws. As we specifically stated in Abraham J. Muste,35 T.C. 913, 920 (1961): We are of the opinion that there is no principle of international law which operates to relieve citizens from their tax obligations and liabilities under the laws of their country or which imposes upon them individual responsibility for the use made of tax revenue. Finally, it is equally *370 well settled that the free exercise of religion clause of the first amendment does not buttress petitioners' claims. E.g., Autenrieth v. Cullen,418 F.2d 586, 588-589 (9th Cir. 1969), cert. denied, 397 U.S. 1036 (1970); Susan Jo Russell,60 T.C. 942 (1973); Abraham J. Muste,supra. Even in the context of criminal sanctions, courts have held that first amendment religious claims do not justify noncompliance with the tax laws. United States v. Malinowski,472 F.2d 850 (3d Cir. 1973), cert. denied, 411 U.S. 970 (1973); see United States v. Douglass,476 F.2d 260 (5th Cir. 1973). The issues raised by petitioner in his well-written and articulate brief have all been thoroughly considered and rejected in a host of decisions of this Court (of which, those cited above are representative examples). While we do not doubt the depth of petitioners' convictions and the sincerity of their views, in our opinion the above cited cases are controlling. Accordingly, respondent's motion for judgment on the pleadings will be granted. An appropriate order and decision will be entered. *371 Footnotes
1. Since this is a pre-trial motion for judgment on the pleadings and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.