AUDREY M. PATTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patton v. Commissioner
Docket No. 4669-75
United States Tax Court
T.C. Memo 1976-156; 1976 Tax Ct. Memo LEXIS 248; 35 T.C.M. (CCH) 697; T.C.M. (RIA) 760156; May 19, 1976, Filed *248 Steven J. Wells, for the petitioner. Joe K. Gordon, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency and an addition to tax in the amounts of $128 and $6.40, respectively in petitioner's 1973 Federal income tax. Petitioner herein disputes respondent's disallowance of her "war crimes deduction" of $2,141.32. Respondent has moved for judgment on the pleadings under Rule 120, Tax Court Rules of Practice and Procedure.
Petitioner resided in Moody, Missouri at the time the petition was filed. In her petition to this Court, she asserted the following reasons to justify her deduction: (1) Payment of a tax for which money has been used for a purpose repugnant to petitioner's religious principles would abridge her freedom of religion under the First Amendment to the Constitution. (2) The United States carried on an illegal, aggressive war in Indochina in violation of international treaties to which it is a party. (3) Such American activities violated international law. (4) Payment of taxes to support an allegedly illegal war would subject petitioner to criminal prosecution by international *249 law standards. (5) Congress has no power under the Constitution to raise revenue for such a war. It has consistently been held by this Court that taxpayers are not entitled to war crime deductions based upon moral principles against war and violence. Susan Jo Russell,60 T.C. 942 (1973); Abraham J. Muste,35 T.C. 913 (1961). [1] See also Auterieth v. Cullen,418 F. 2d 586 (9th Cir. 1969), cert. den. 397 U.S. 1036 (1970). In addition, this Court recently reviewed all of the issues raised by petitioner in her very comprehensive petition in Lorna H. Scheide,65 T.C. 455 (1975) and John David Egnal,65 T.C. 255 (1975). In Scheide, we held that persons claiming a war crimes deduction because the payment of taxes would constitute complicity in alleged war crimes do not have standing under the requirements of Flast v. Cohen,392 U.S. 83 (1968). *250 We do not doubt the sincerity of petitioner's convictions and we are convinced that her position on these issues is founded upon such convictions. However, this Court has stated that "to allow a taxpayer to choose not to pay a tax because of her religious beliefs or her disapproval of the policies of the United States would create chaos and destroy the ability of the Government to raise revenue, to maintain an orderly society, and to assure national security." Susan Jo Russell,supra, at 947. The pleadings do not raise a genuine issue of material fact. The issue raised is one of law, and under the applicable precedents, petitioner is not entitled to relief. Consequently, respondent's motion for judgment on the pleadings will be granted. Decision will be entered for the respondent.
Footnotes
1. See also the following Memorandum Opinions of this Court: Peter Ronald Curia,T.C. Memo. 1976-74; Bonnie and Curry First,T.C. Memo. 1976-36; Constance W. Bouck,T.C. Memo. 1975-352↩.