JAMES F. AND ROCHELLE L. FARRELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farrell v. Commissioner
Docket No. 700-75
United States Tax Court
T.C. Memo 1976-188; 1976 Tax Ct. Memo LEXIS 213; 35 T.C.M. (CCH) 819; T.C.M. (RIA) 760188; June 14, 1976, Filed *213 James F. and Rochelle L. Farrell, pro se. Bernard R. Baker, III, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $718 in petitioners' 1973 Federal income tax. The sole issue is whether petitioners are entitled to a "war crimes" deduction of $4,739.33. Petitioners resided in Manlius, New York at the time they filed their petition. In their amended petition to this Court, the petitioners challenge respondent's disallowance of a "war crimes" deduction, contending that "by supporting illegal government activities with our monies (sic), we become co-conspirators in crime." Petitioners also challenge "the allowance for military conscientious-objectors but not for civilians." Respondent, having filed an answer denying the substantive allegations of the amended petition, moved for judgment on the pleadings under Rule 120, Tax Court Rules of Practice and Procedure.
It has consistently been held by this Court that taxpayers are not entitled to war crime deductions based upon moral principles against war and violence. Susan Jo Russell,60 T.C. 942 (1973); Abraham J. Muste,35 T.C. 913 (1961). *214 [1] See also United States v. Malinowski,472 F. 2d 850 (3rd Cir. 1973), cert. den. 411 U.S. 970 (1973). In addition, this Court recently reviewed the issues raised by petitioners in their amended petition in John David Egnal,65 T.C. 255 (1975) and Lorna H. Scheide,65 T.C. 455 (1975). In Scheide, we held that persons claiming a war crimes deduction because the payment of taxes would constitute complicity in alleged war crimes do not have standing under the requirements of Flast v. Cohen,392 U.S. 83 (1968). We do not doubt the sincerity of petitioners' convictions and we are convinced that their position on these issues is founded upon such convictions. However, the decisions in Egnal and Scheide are dispositive of the issues before us. The pleadings do not raise a genuine issue of material fact. The issue raised is one of law, and under the applicable *215 precedents, petitioners are not entitled to relief. Consequently, respondent's motion for judgment on the pleadings will be granted. Decision will be entered for the respondent.
Footnotes
1. See also the following Memorandum Opinions of this Court: Peter Ronald Curia,T.C. Memo. 1976-74; Bonnie and Curry First,T.C. Memo. 1976-36; Constance W. Bouck,T.C. Memo. 1975-352↩.