PAUL NORDEEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nordeen v. Commissioner
Docket No. 4802-75.
United States Tax Court
T.C. Memo 1977-45; 1977 Tax Ct. Memo LEXIS 396; 36 T.C.M. (CCH) 198; T.C.M. (RIA) 770045; February 23, 1977, Filed Paul Nordeen, pro se. Michael A. Zimmerman, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined the following deficiencies in petitioner's income tax: Addition to tax
Addition to tax
under [1]
under Year
Income tax
Sec. 6651(a)
Sec. 6653(a)
1972
$1,703.79
$293.08
$82.32
1973
1,427.64
-
71.38
*397 The issues before us are whether petitioner is (1) entitled to a deduction in 1972 for "Refusal to purchase war materials" and in 1973 for "Refusal to buy weapons that are used for destruction" and (2) liable for the additions to tax in each year under section 6653(a) on the ground of "negligence or intentional disregard of rules and regulations." [2]
Petitioner resided in Brooklyn, New York, at the time of the filing of the petition herein. The respondent originally moved for judgment on the pleadings but it appears from the form of respondent's answer that such motion was not appropriate. However, as the transcript of proceedings reveals, none of the material facts are in dispute, with the result that the posture of the case is such that decision can be founded on the basis of treating respondent's motion as one for summary judgment or indeed on the basis of a trial of the issues. Petitioner bases his claim solely on the ground that his conscience or his religious beliefs (which respondent has not disputed) justified his refusal to participate, by way of paying *398 income tax, "in war or in the manufacture of any material that is to be used to deprive people of their lives." [3] He recognizes that our prior decisions in Susan Jo Russell,60 T.C. 942 (1973), and Abraham J. Muste,35 T.C. 913 (1961), preclude him from asserting a constitutional basis for such claim. His sole contention is that neither of those cases dealt with the impact of section 1402(e), which permits certain persons to opt out of the self-employment tax because they are "conscientiously opposed to, or because of religious beliefs * * * [are] opposed to" public insurance or medical care benefits, i.e., social security. As a result of this provision, petitioner argues that Congress has recognized that conscience or religious beliefs can be a ground for not paying taxes and that the exception so recognized should be extended to the allowance of his claimed deduction for income tax purposes. We hold that petitioner's position is without merit. *399 While it is true that section 1402(e) was not enacted until after the taxable years involved in Muste, that section was in effect long prior to the 1970 taxable year involved in Russell. Although petitioner claims that section 1402(e) was not enacted until 1968, the fact of the matter is that the substance of that section was incorporated into the Code in 1954 (Social Security Amendments of 1954, ch. 1206, 68 Stat. 1052, 1088-1089) [4] by way of a provision excluding persons such as ministers from social security coverage unless they elected such coverage. In 1968, by means of the Social Security Amendments of 1967, Pub. L. 90-248, 81 Stat. 821, 839-840, Congress reversed the thrust of this provision so as to provide that certain persons having certain conscientious or religious beliefs would be covered unless they opted not to be covered. [5]
*400 In any event, irrespective of the legislative timing, petitioner's position is defective on broader grounds. The fact that Congress has seen fit to exempt persons from the applicability of some laws on religious grounds or grounds of conscience does not provide a basis for a judicial grant of exemption from other laws. Thus, exemption from military service has been rejected as a basis for granting income tax relief. See, e.g., Autenrieth v. Cullen,418 F. 2d 586, 588 (9th Cir. 1969); Abraham J. Muste,supra at 919. Nor is it material that the exemption to which petitioner points is part of the Internal Revenue Code. As the Supreme Court stated in United States v. Stewart,311 U.S. 60, 71 (1940), in holding that an exemption from taxation of interest on certain securities did not exempt capital gain from the sale of such securities, "[exemptions] from taxation cannot rest on merde implications." (Citation omitted.) With respect to the addition to tax under section 6653(a), it is clear that petitioner's claim of the deductions in question was at least "due to negligence," if not "intentional disregard of rules and regulations. *401 " Cf. Edward A. Cupp.65 T.C. 68, 81 (1975), on appeal (3d Cir., Jul. 26, 1976); see Jack A. Cady,T.C. Memo. 1976-333. Decision will be entered for the respondent. Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue.↩
2. Petitioner has conceded the addition to tax for late filing of his 1972 return under section 6651(a).↩
3. Petitioner abandoned various other grounds set forth in his petition, which, in any event, were without merit. First v. Commissioner, F. 2d (7th Cir. 1976), and cases collected in n. 1 thereof, affg. T.C. Memo. 1976-36. See also cases collected in Lawrence J. Prall,T.C. Memo. 1976-350↩.
4. See also H. Rept. No. 1698, 83d Cong., 2d Sess. (1954), 1954-2 C.B. 676, 683-684; S. Rept. No. 1987, 83d Cong., 2d Sess. (1954), 1954-2 C.B. 695, 700-701; Conf. Rept. No. 2679, 83d Cong., 2d Sess. (1954), 1954-2 C.B. 712↩, 713-714. 5. See also H. Rept. No. 544, 90th Cong., 1st Sess. (1967), 1968-1 C.B. 699, 703-705; S. Rept. No. 744, 90th Cong., 1st Sess. (1967), 1968-1 C.B. 706, 710-712; Conf. Rept. No. 1030, 90th Cong., 1st Sess. (1967), 1968-1 C.B. 716↩, 720.