DANIEL G. DiDOMIZIO, JR. and JACQUELINE HAESSLY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Di Domizio v. Commissioner
Docket No. 8680-77.
United States Tax Court
T.C. Memo 1978-160; 1978 Tax Ct. Memo LEXIS 355; 37 T.C.M. (CCH) 704; T.C.M. (RIA) 780160; April 25, 1978, Filed Curry First, for petitioners. Edward J. Roepsch, for respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case is before us on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, and to determine deficiencies in income tax as set forth in the statutory notice of deficiency on which the case is based. The facts here show that the only adjustments made by respondent which are placed in issue are petitioners' claim to a war crimes deduction for the year 1973 in the amount of $1,909.84 and a similarly claimed deduction of $1,339.18 for the year 1974. Respondent determined deficiencies in petitioners' income tax for the calendar years 1973 and 1974 in the amounts of $288.08 and $383.24, *356 respectively. A timely petition was filed with this Court in which petitioners assigned the following errors in respondent's determination: A. This government's actions in Southeast Asia constituted illegal war crimes in specific instances in particular and, in addition, such actions in general were violative of Nuremberg Treaty and constitutional provisions. B. Petitioners are morally and ethically conscientiously opposed to participation in war in any form and as such are constitutionally protected under the First and Fifth Amendments from being required to submit monies and income taxes for the prosecution of war and military activity and/or to submit monies for any defense measures or military activities of any kind as such expenditures and taxes interfere substantially and materially and directly with their free exercise of religious and moral and ethical beliefs. No facts were specifically alleged other than a statement that petitioners relied on the facts set forth in Exhibits A through F attached to the petition, which exhibits show the amounts claimed by petitioners in each of the years here in issue as a war crimes deduction in the amounts we have heretofore set *357 forth. Respondent, in support of his position, relies on previous holdings of this Court to the effect that a requirement that taxes be paid does not constitute a sufficiently direct restriction of the free exercise of religion as to be violative of a taxpayer's rights under the First Amendment to the Constitution. Muste v. Commissioner,35 T.C. 913 (1961); Russell v. Commissioner,60 T.C. 942 (1973). Respondent further contends that alleged violations of the "Nuremburg Principles" and other actions of the Government in Southeast Asia and alleged payment of money from tax revenue in furtherance of those activities do not raise a justiciable issue, relying on Egnal v. Commissioner,65 T.C. 255 (1975), and Scheide v. Commissioner,65 T.C. 455 (1975). Petitioners, at the oral argument on respondent's motion and again in their brief, in substance admit that our holdings in the Egnal and Scheide cases are dispositive insofar as this Court is concerned of their contention that the Government's actions in Southeast Asia constitute illegal war crimes and are violative of the Nuremberg Treaty and constitutional *358 provisions. Petitioners, however, argue that their contention that they are morally and ethically conscientiously opposed to participation in war in any form and that being required to submit moneys and income taxes for the prosecution of any war and military activities of any kind is a substantial interference with their free exercise of religious beliefs in violation of their rights under the First and Fifth Amendments is a totally different issue from the illegal war and Nuremberg Treaty issue and is a justiciable issue under the holding of the Supreme Court in Flast v. Cohen,392 U.S. 83 (1968). Petitioners specifically point to the statement in Flast v. Cohen,supra at 99 and 101, to the effect that the gist of the question of justiciability is the "personal stake" of the party seeking relief in the outcome of the controversy. They state that clearly they have alleged herein their conscientious objection to all war and therefore have a personal stake in the outcome of the controversy. In our view petitioners' contention that their conscientious objection to war issue is a different issue from the issue we held in the Egnal and Scheide *359 cases not to be justiciable is correct. We in effect so held in Anthony v. Commissioner,66 T.C. 367 (1976), in disposing of a contention comparable to the first assignment of error made by petitioners in this case on the basis that the issue was not justiciable and of an issue raised in that case comparable to the second issue raised by petitioners on its merits. [1]
While we recognize that petitioners have standing to raise the issue of whether their conscientious objection to war *360 justifies their not being required to pay the full income tax otherwise imposed upon them by statute, we do not agree that this claim by petitioners is one upon which relief can be granted under prior holdings of this Court. In Anthony v. Commissioner,supra at 373, we specifically held that the taxing statutes do not restrict a taxpayer's free exercise of religion or violate his rights under the First Amendment to the Constitution. We there cited our decisions in Muste v. Commissioner,supra, and Russell v. Commissioner,supra.The Muste case specifically involved a contention by a taxpayer that the Constitution, which assures him religious freedom, gives him immunity from paying taxes which are to be used in part for war or preparation for war. Petitioners in this case argue, however, that none of our prior cases holding contrary to their contentions with respect to violation of their First Amendment rights because their conscientious objection to all war gave consideration to the Supreme Court case of Wisconsin v. Yoder,406 U.S. 205, 219 (1972). Petitioners point out that in the Yoder case *361 the Court rejected the State's argument that under the freedom of Religion Clauses "religious beliefs are absolutely free from the State's control," but that actions, even though religiously grounded, are outside the protection of the First Amendment. Petitioners, in quoting from the Court's rejection of this argument at page 220, fail to emphasize the statement contained in the quotation that: It is true that activities of individuals, even when religiously based, are often subject to regulation by the States in the exercise of their undoubted power to promote the health, safety, and general welfare, or the Federal Government in the exercise of its delegated powers. * * * In Wisconsin v. Yoder,supra, the Court, after a lengthy analysis of the interests of the State in the education of children and the religious beliefs of the Old Order Amish in educating their children past the eighth grade in agriculture and homemaking in conformance with their religious beliefs of a simplistic agrarian life, held that the latter overrode the former. After a careful reading of Wisconsin v. Yoder,supra, we conclude that nothing therein stated is *362 contrary to our conclusion in the Muste and Russell cases, supra, as well as a number of subsequent cases that the freedom of religion guaranteed by the First Amendment does not excuse a taxpayer from paying that part of his taxes which he considers is being used for war or preparation for war. [2] See Coomes v. Commissioner,     F.2d     (6th Cir., Mar. 14, 1978, 41 AFTR 2d 78-    , 78-1 USTC par. 9336), affg. an unpublished order of this Court. *363 Were this case to be tried and petitioners were to clearly establish their moral and ethical opposition to participation in war in any form and also establish that portion of the income tax revenue being used for the prosecution of war and military activities, we would sustain respondent's disallowance of their claimed "war crimes deduction." Therefore, the petition in this case fails to state a claim upon which relief can be granted and respondent's motion will be granted. An appropriate order and decision will be entered. Footnotes
1. In Rozendaal v. Commissioner,T.C. Memo. 1976-260, we likewise specifically held that the taxpayers had standing under Flast v. Cohen,392 U.S. 83 (1968), to litigate the issue of whether requiring them "to pay their full share of taxes violates the religious freedoms granted to them by the First Amendment of the Constitution." See also First v. Commissioner,T.C. Memo. 1976-36, affd. per curiam 547 F.2d 45↩ (7th Cir. 1976), which involved, as does this case, both a claim of the illegality of the United States involvement in Southeast Asia and a claim of conscientious objection to participation in war in any form.
2. Petitioners, in their brief, point out that this country has long granted recognition to conscientious objectors by exempting them from compulsory military service. They cite sec. 6(j) of the Military Selective Service Act, 50 U.S.C. sec. 456(j), and state that the number of such objectors has historically been small. Petitioners would liken the requirement of paying taxes to the requirement for military service. However, the provision for exemption from compulsory military service is a statutory provision. Some form of statute providing such an exemption has been in effect since this country became a nation. See Gillette v. United States,401 U.S. 437 (1971), particularly n. 8 at page 443 reciting the history of exemption from compulsory military service because of religious beliefs. It is also to be noted that in Gillette v. United States,supra, the Court applied the exemption granted by sec. 6(j) of the Military Selective Service Act strictly in accordance with its termsand refused to hold it applicable to individuals who objected not to any war, as the statute required, but only to the war in Vietnam. In this regard, it is interesting to note as did the Court in Wisconsin v. Yoder,406 U.S. 205 (1972), in n. 11 at page 222 that sec. 1402(h), I.R.C. 1954, exempts members of a recognized religious sect from the obligation to pay social security taxes if they are by reason of the tenets of their sect opposed to the receipt of the benefits provided by those taxes and agree to waive such benefits. However, we have held that sec. 1402(h) is strictly limited to a person who is a member of a recognized religious sect with tenets or teachings by reason of which he is conscientiously opposed to the acceptance of such benefits. See Palmer v. Commissioner,52 T.C. 310, 313↩ (1969), where we held this statute not applicable to an individual whose religious belief prohibited him from receiving certain benefits funded by the social security tax where he did not show that he was a member of a recognized religious sect with established tenets opposed to the receipt of such benefits.