DONA RUTH PALMER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Palmer v. Commissioner
Docket No. 982-81.
United States Tax Court
T.C. Memo 1981-604; 1981 Tax Ct. Memo LEXIS 138; 42 T.C.M. (CCH) 1453; T.C.M. (RIA) 81604; October 19, 1981. *138 Held: As a matter of law, petitioner is not entitled to a "military tax deduction". Accordingly, respondent's motion for summary judgment is granted. Dona Ruth Palmer, pro se. Edward G. Langer, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: This proceeding is before us on respondent's motion for summary judgment. The issue for decision is whether respondent is correct in his contention that, as a matter of law, petitioner is not entitled to a "military tax deduction". A hearing was held on respondent's motion and petitioner submitted a written response in lieu of attending the hearing, as provided in Rule 50(c). [1]
Respondent determined a deficiency in Federal individual income tax and an addition to tax under section 6653(a) [2] (negligence) against petitioner for 1978 in the amounts of $ 1,081 and $ 54.05, respectively. [3]
*139 When the petition in this case was filed, petitioner's legal residence was in Milwaukee, Wisconsin. Petitioner claimed a "military tax deduction" in the amount of $ 4,585 on her 1978 Federal income tax return. Attached to this return was the following statement signed by petitioner: In the past years I have been increasingly aware and concerned about the exorbitant percentage of my taxes being used for military preparation. For moral reasons I am unable to support this any longer. I truly believe that as long as I as an individual and we as a country do not really put priority to meeting human needs, our military expenditures will remain a scandle [sic] for the world community. With the money designated for military I am choosing to support such organizations as Campaign for Human Development. I hope this helps to explain the military tax deduction claim on my 1978 return. I simply had to have an alternative other than adding to a national stockpile already capable of killing every member of this planet thirty-five times. Respondent disallowed the military tax deduction in full. [4]
*140 In the petition, petitioner's only assignment of error was as follows: 4. The determination of tax set forth in the said notice of deficiency is based upon the following error: To compel the petitioner to pay taxes to support American militarism is violative of the first and fifth amendments to the Constitution of the United States. In support thereof, the petition contained the following factual allegations: A. Whereas the government of the United States is actively engaged in adding to an arms stockple [sic] already able to annihilate all of earth's life many, many times over, it may not, consistent with the first amendment's free excercise [sic] clause, levy taxes for the support of global destruction against citizens who based on their religious beliefs are conscientiously opposed to participation in war in any form. B. Whereas the government is in the process of contaminating our earth with ever greater and more deadly amounts of nuclear sewage, it may not, consistent with the first amendment's free excercise [sic] clause, levy taxes for this purpose against citizens who on the basis of their moral beliefs are consistently committed to being responsible stewards *141 of the earth. C. Whereas the government of the United States is in the process af [sic] allocating funds to the manufacture and stockpiling of weapons perpetuating the injustice of inflaction and crimes of aggression against the poor in this country and other countries, it may not, consistent with the first amendment's free excercise [sic] clause, levy taxes for this reason against citizens who on the basis of their ethical beliefs consider the human rights of all people as worthy of defense. Respondent maintains that his motion for summary judgment under Rule 121 [5] should be granted because (1) there is no dispute as to any material, issue of fact and (2) the legal issue involving the disallowance of the military tax deduction should be decided in his favor as a matter of law. Petitioner concedes that there is no dispute as to any material issue of fact, but contends that her strong religious, moral, and ethical beliefs oppose the use of her tax dollars for military purposes and that, therefore, not allowing her the military tax deduction violates the First and Fifth Amendments to the Constitution of the United States. [6]
*142 We agree with respondent. For more than 20 years, in a long and undeviating line of cases, this Court and other courts have consistently disallowed deductions or credits taken by taxpayers for a portion of their taxes which they estimated to be attributable to military expenditures and to which they objected because of their religious, moral, and ethical objections to war and because of their claimed "rights" under various constitutional provisions, the Nuremberg Principles, national and international law, and numerous international agreements and treaties. E.g., Lull v. Commissioner, 602 F.2d 1166 (CA4 1979), affg. per curiam Lull v. Commissioner and Herby v. Commissioner, Memorandum Opinions of this Court; [7]Graves v. Commissioner, 579 F.2d 392 (CA6 1978), affg. per curiam a Memorandum Opinion of this Court; [8]First v. Commissioner, 547 F.2d 45 (CA7 1976), affg. per curiam a Memorandum Opinion of this Court; [9]Autenrieth v. Cullen, 418 F.2d 586 (CA9 1969); Tingle v. Commissioner, 73 T.C. 816 (1980); Greenberg v. Commissioner, 73 T.C. 806 (1980); Anthony v. Comissioner, 66 T.C. 367, 373 (1976); *143 Scheide v. Commissioner, 65 T.C. 455 (1975); Egnal v. Commissioner, 65 T.C. 255 (1975); Russell v. Commissioner, 60 T.C. 942 (1973); Muste v. Commissioner, 35 T.C. 913 (1961). Furthermore, we have repeatedly held that the alternative payments of a portion of taxes used for war purposes to special funds for purposes such as peace, community, and charities do not relieve taxpayers of their income tax liability. Lull v. Commissioner, 602 F.2d at 1169, 1172; Tingle v. Commissioner, 73 T.C. at 822; Greenberg v. Commissioner, 73 T.C. at 812; Russell v. Commissioner, 60 T.C. at 947. Notwithstanding the unchallenged sincerity of petitioner's religious, moral, and ethical beliefs, the Constitution does not require--and the statute does not provide--the tax relief she asks for. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Accordingly, we hold as a matter of law that petitioner *144 is not entitled to a military tax deduction. An appropriate order granting respondent's motion for summary judgment, and decision for respondent, will be entered. Footnotes
1. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable year in issue. ↩
3. Since petitioner did not assign error or allege facts with respect to the section 6653(a) addition to tax, petitioner is deemed to have conceded this issue. See subparagraphs (4) and (5) of Rule 34(b).↩
4. Disallowance of the military tax deduction reduced petitioner's itemized deductions below the zero bracket amount; respondent made a concomitant adjustment to allow petitioner the full benefit of the zero bracket amount.↩
5. RULE 121. SUMMARY JUDGMENT (a) General: Either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy. * * * (b) Motion and Proceedings Thereon: * * * A decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * ↩
6. In her statement under Rule 50(c), petitioner relies solely on the First Amendment↩, in particular, that part which provides as follows: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof * * *."
7. T.C. Memo. 1978-74; T.C. Memo. 1978-119↩. 8. T.C. Memo. 1976-353↩. 9. T.C. Memo. 1976-36↩.