**Bonnie and Curry FIRST,
Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.**

No. 76–1382.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 20, 1976.

Decided Dec. 10, 1976.

Robert Allen Sedler, Cornell University Law School, Ithaca, N.Y., Curry First, Milwaukee, Wis., for petitioners-appellants.

Scott P. Crampton, Asst. Atty. Gen., Gilbert S. Rothenberg, Atty., Tax Div., Dept. of Justice, Meade Whitaker, Washington, D.C., for respondent-appellee.

Before CLARK,* Associate Justice, and SWYGERT and CUMMINGS, Circuit Judges.

PER CURIAM:

Appellants, Bonnie and Curry First, in their joint income tax return for 1972 claimed a "war tax deduction" of $2,473.34. The Commissioner of Internal Revenue disallowed the deduction and assessed a deficiency against them for $469.93. The appellants filed a petition in the Tax Court disputing their liability to pay the assessed deficiency. The appellants claim they were entitled to the deduction on the ground *inter alia* that because "they have been

---

* Associate Justice Tom C. Clark, United States Supreme Court, (Ret.), is sitting by designation.

opposed on moral, ethical and religious grounds to the participation of war in any form," they "could not be compelled to pay taxes for the support of the Vietnam War"; and further, that since "American military involvement in Vietnam constituted aggressive and illegal war under the Treaty of London and the Nuremberg Principles," both of which the United States Government subscribes to, the Government may not collect taxes in order to finance an "illegal war" from "citizens whose opposition to the war is based in whole or part on the government's violations of [these international agreements]." On motion of the Commissioner, the Tax Court entered a judgment on the pleadings, and in an accompanying memorandum held that the appellants did not have standing to assert such defenses. We affirm.

There has been a long, undeviating parade of cases—all the way from the Tax Court to the United States Supreme Court[1]—holding against the Firsts on the ground that they have no standing to raise their religious and other claims in avoidance of their legally imposed tax obligations. The appellants contend that all of these cases have confused taxpayers' suits affirmatively challenging the validity of governmental action with taxpayers' defenses to the imposition of a tax against them, concluding that all of these courts in so deciding have engaged in what appellants call the "fallacy of the transplanted category." But such reasoning does not meet the simple truth that in interposing such defenses, the appellants raise affirmative issues identical to those presented in the previously listed taxpayers' suits. Such distinctions are without merit and cannot be used to circumvent

long-established and continuously honored principles of adjudication in tax litigation.

AFFIRMED.

---

1. *Autenrieth v. Cullen,* 418 F.2d 586 at 588 (9th Cir. 1969), *cert. denied,* 397 U.S. 1036, 90 S.Ct. 1353, 25 L.Ed.2d 647 (1970); *Kalish v. United States,* 411 F.2d 606 at 607 (9th Cir. 1969); *Crowe v. Commissioner of Internal Revenue,* 396 F.2d 766 at 767 (8th Cir. 1968); *Farmer v. Roundtree,* 252 F.2d 490 at 491 (6th Cir. 1958), *cert. denied* 357 U. S. 906, 78 S.Ct. 1150, 2 L.Ed.2d 1156 (1958); *Egnal v. Commissioner of Internal Revenue,* 65 TC 255 at 259 (1975); *Scheide v. Commissioner of Internal Revenue,*

65 TC 455 at 456–457 (1975). Cf. *Simon v. East Kentucky Welfare Rights Organization,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *Schlesinger v. Reservists To Stop The War,* 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974).