**Bruce and Ruth K. GRAVES, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 77–1188.**

United States Court of Appeals, Sixth Circuit.

Submitted July 6, 1978.

Decided July 7, 1978.

Rehearing and Rehearing En Banc Denied Sept. 19, 1978.

Curry First, Perry & First, Milwaukee, Wis., Bruce B. Graves, pro se, for petitioners-appellants.

Myron C. Baum, Acting Asst. Atty. Gen., Grant W. Wiprud, Anthony Ilardi, Jr., Gilbert E. Andrews, Tax Div., U. S. Dept. of Justice, Meade Whitaker, Chief Counsel, Leon G. Wigrizer, I. R. S., Washington, D. C., for respondent-appellee.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

The petitioners appeal from a decision of the Tax Court upholding an income tax deficiency for the year 1973. The petitioners claimed a "war tax credit" of 50% of the tax due as disclosed by their joint 1973 return. The petitioners are Quakers who adhere to the principle of total nonviolence. The question which they raise on appeal is stated in their brief as follows: Would compelling the petitioners to pay taxes to support American military involvement in Vietnam be violative of the Free Exercise Clause of the First Amendment to the Constitution of the United States?

■ The appeal has been referred to a panel of the Court pursuant to Rule 9, Rules of the Sixth Circuit. The levying of taxes is entrusted to the legislative branch of government by our Constitution and general attacks on the taxing scheme adopted by Congress do not raise justiciable issues. *Farmer v. Rountree*, 149 F.Supp. 327 (M.D. Tenn. 1956), *aff'd.*, 252 F.2d 490 (6th Cir.), *cert. denied*, 357 U.S. 906, 78 S.Ct. 1150, 2 L.Ed.2d 1156 (1958). Presented as a constitutional issue the arguments of the petitioners are no more compelling. The income tax is neutral as to religion. It is levied uniformly against persons of various beliefs, and those of no belief. The fact that Congress and the executive branch choose to spend a portion of the revenues of the government for military operations reflects political decisions in areas specifically delegated to them by the Constitution. The requirement that petitioners, along with others having taxable income, pay taxes thereon does not constitute an unreasonable burden on the free exercise of their religious beliefs.

As did the Tax Court, we accept without question the sincerity of petitioners' beliefs and arguments. Nevertheless, we conclude that it is manifest that questions upon which decision of this case depends are so

unsubstantial as not to require further argument. Rule 9(b)3, Rules of the Sixth Circuit. The decision of the Tax Court is affirmed.