Howard L. LULL and Barbara B. Lull, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

Peter W. HERBY, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

Nos. 78–1565, 78–1567.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1979.

Decided July 12, 1979.

---

William R. Durland, Philadelphia, Pa. (Sebastian K. D. Graber, Graber & Townsend, Alexandria, Va., on brief), for appellants.

Robert S. Pomerance, Tax Div., Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Carleton D. Powell, Tax Div., Dept. of Justice, Washington, D. C., on brief), for appellee.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

**PER CURIAM:**

■ The appellants are taxpayers who sought deductions from their federal income taxes in the years 1974 and 1975 based on their estimated proportionate share of certain federal military expenditures during those years. They based their right to such deductions not on any congressional grant but on their alleged conscientious religious objections to war and their alleged constitutional protection of such religious objections under the First Amendment. The Tax Court in separate opinions denied the deductions and accordingly found tax deficiencies in the years in question against the appellants.[1] The appellants seek review by this court of those decisions pursuant to 26 U.S.C. § 7482.

We find no error in the decisions of the Tax Court and affirm for the reasons so well stated by that court in its opinions, which are reported as an appendix to this opinion.

*AFFIRMED.*

A P P E N D I X

T. C. Memo. 1978–74

### UNITED STATES TAX COURT

HOWARD W. LULL and BARBARA B. LULL, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2460–77.　　　　　Filed February 27, 1978.

Petitioners claimed deductions for "military expenditures" because of their moral and religious objections to paying taxes for military purposes. *Held,* respondent's motion for judgment on the pleadings granted.

Howard W. Lull, pro se.

Frank S. Armstrong, Jr., for the respondent.

### MEMORANDUM OPINION

DRENNEN, Judge:

Respondent determined deficiencies in petitioners' income taxes for the years 1974 and 1975 in the amounts of $1,067.60 and $1,050.66, respectively, and additions to tax under section 6653(a), I.R.C.1954, in the amounts of $53.38 and $52.53, respectively. Due to concessions by the parties, the only substantive issue in dispute is whether petitioners may deduct the amount of $4,637 for the year 1974, and the amount of $3,284, for the year 1975, for "military expenditures" claimed as miscellaneous deductions on petitioners' income tax returns for those years.

A statutory notice of deficiency was mailed to petitioners by respondent on December 14, 1976, wherein it was determined, among other things, that the deductions for military expenditures mentioned above were not allowable.

On March 15, 1977, petitioners filed a petition with this Court in which they alleged that the respondent erred in disallowing the claimed deductions for military expenditures and in asserting the additions to tax. Respondent filed an answer to the petition denying such allegations on April 21, 1977.

On October 21, 1977, respondent filed a Motion For Judgment on the Pleadings on the grounds that respondent is entitled to

1. The Tax Court opinion as to appellants Lull is unofficially reported at P–H Memo T.C., par. 78,078 (1978). This decision was corrected by order of the Tax Court dated April 19, 1978.

The Tax Court opinion as to the appellant Herby is unofficially reported at P–H Memo T.C., par. 78,119 (1978).

judgment as a matter of law on the undisputed facts appearing from the pleadings. Petitioners objected and both parties filed a written memorandum supporting their positions. The motion was argued by the parties before the Court on January 31, 1978, at the conclusion of which the Court granted respondent's motion for judgment. That action is the subject of this opinion.

Rule 120, Rules of Practice and Procedure, U.S. Tax Court, makes provision for a motion for judgment on the pleadings "After the pleadings are closed but within such time as not to delay the trial." This motion meets that time frame. The purpose of such a motion is to raise the legal question of whether the petition states a claim on which relief may be granted, thus avoiding unnecessary trial time if answered in the negative. A judgment on the pleadings may be requested even though the allegations in the petition have been denied and, for purposes of the motion, the allegations of fact in the petition will be deemed admitted. Accordingly, we concluded that the motion was proper. *Russell v. Commissioner*, 60 T.C. 942, 944 (1973).

In their petition petitioners alleged that the military expenditure deductions claimed on their returns were sufficient to reduce their income tax by the percentage of the budget allotted to the military and that their tax refusals are based on Christian belief, constitutional rights, conscientious objections, natural rights, militarism, and peace making. An attachment to the petition discusses each of these bases, as does petitioners' memorandum in opposition to the motion.

It is a well established principle of tax law that deductions are a matter of legislative grace and unless Congress provides for a deduction in the law it is not allowable. *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348 (1934); *Montgomery v. Commissioner*, 64 T.C. 175, 182 (1975). So basically, since petitioners can point to no provision in the statutes

that provides for a "military expenditures deduction," they are not entitled to such a deduction.

Furthermore, each of the reasons alleged by petitioners for claiming the deductions and their "tax refusal" have been considered, directly or indirectly, by this and other courts on many occasions and have consistently been held not to be valid grounds for refusal to pay tax.

In *Muste v. Commissioner*, 35 T.C. 913 (1961), this Court held that a taxpayer does not have the right to refuse to comply with the law because it may not be in accord with the dictates of his conscience or religion. And in *Russell v. Commissioner*, *supra*, this Court stated:

> Even though the conduct of the United States in Southeast Asia may have been in conflict with her religious views, her disapproval of such conduct for religious reasons does not give her the right to choose not to pay her share of the income tax. * * *

In *Autenrieth v. Cullen*, 418 F.2d 586 (9th Cir. 1969), cert. denied, 397 U.S. 1036, 90 S.Ct. 1353, 25 L.Ed.2d 647 (1970), the Court of Appeals said:

> We hold that nothing in the Constitution prohibits the Congress from levying a tax upon all persons, regardless of religion, for support of the general government. The fact that some persons may object, on religious grounds, to some of the things that the government does is not a basis upon which they can claim a constitutional right not to pay a part of the tax. *Kalish, supra,* [*Kalish v. United States,* 411 F.2d 606 (9th Cir. 1969), cert. denied, 396 U.S. 835, [90 S.Ct. 93, 24 L.Ed.2d 86] (1969)], is analogous.

See *Muste v. Commissioner, supra,* for the same principle.

Both *Muste v. Commissioner,* and *Russell v. Commissioner,* both *supra,* specifically rejected the contention that the Nuremberg Principles prevented payment of the taxes in issue.

Petitioners' assertions under the headings of "conscientious objections," "militarism," and "peacemaking," that they should not be required to pay taxes that would be used for military expenditures again pertain to their religious and moral objections to such expenditures and do not present new or meritorious reasons for allowance of the deductions.

Petitioners also alleged, under the heading "Alternative Tax Payments" that they had contributed the amounts of their "refused taxes" to charitable organizations and argue in the memorandum that this "places the war-tax refusers in double jeopardy: it both disallows war-tax refusal for religious reasons, and the expending of equivalent amounts for charitable purposes." In response to a question asked by the Court at the hearing, petitioner, Howard W. Lull, stated that petitioners claimed these charitable contributions as deductions on their returns for the following years. And as noted in *Russell v. Commissioner, supra,* the payment of an "alternative tax" has no bearing on petitioners' tax liability— that is a matter delegated to Congress.

At the argument on respondent's motion petitioner, Howard W. Lull, acknowledged that he found no provision in the statutory law and no precedent in the judicial decisions which would support his claimed deductions; nevertheless he expressed a wish or desire to restate from the witness stand the philosophy back of his cause in the hope that the Court would change its mind. We understand petitioner's desire to champion his cause but pointed out to petitioner that he had chosen the wrong forum, as had so many war-tax protesters; the Courts cannot allow the deduction unless Congress provides for it. We think the already overcrowded courts are not the place for such individuals to repeatedly attempt to publicize their cause.

Since petitioners alleged no facts in their petition which would prove error in respondent's imposition of the addition to tax for negligence provided in section 6653(a), respondent's action was sustained.

After the Court granted respondent's motion for judgment on the pleadings, respondent submitted a decision document reflecting the reduced deficiency resulting from the concessions of the parties. Petitioners agreed that the computations were correct and had no objection thereto. Consequently,

*Decision will be entered in accordance with respondent's computation.*

UNITED STATES TAX COURT

HOWARD W. LULL and BARBARA B. LULL,  )
                                                      )
                          Petitioners,  )
                                                      )
                   v.  )  Docket No. 2460–77
                                                       )
COMMISSIONER OF INTERNAL REVENUE,  )
                                                        )
                        Respondent.  )

O R D E R

    For reasons appearing in the record, respondent's "Motion to Vacate and Correct Decision" will be treated as a "Motion to Correct Decision." Accordingly, it is

    ORDERED that respondent's Motion to Correct Decision is granted and the ORDER and DECISION entered by the Court in this case on February 27, 1978, is corrected by striking, on page – 2 – thereof, the reference to subparagraph "(b)" of section 6653 and substituting in lieu thereof subparagraph "(a)".

                                     (Signed)   W. N. DRENNER

                                                 Judge

Dated: Washington, D.C.
       April 19, 1978

UNITED STATES TAX COURT
WASHINGTON, D.C.   20217

PETER W. HERBY,
                    Petitioner,
               v.                            Docket No. 10897–75
COMMISSIONER OF INTERNAL REVENUE,
                    Respondent.

ORDER AND DECISION

    Pursuant to the Memorandum Opinion (T.C. Memo. 1978–119) filed herein on March 27, 1978, it is

    ORDERED: That respondent's motion for summary judgment filed June 7, 1977, is granted.

    ORDERED AND DECIDED: That there is a deficiency of $181.00 in petitioner's Federal income tax for the year 1974.

                              /s/ Howard A. Dawson, Jr.
                                        Judge

Entered: Mar. 30, 1978

T.C. Memo. 1978–119

## UNITED STATES TAX COURT

PETER W. HERBY, Petitioner v. COMMISSIONER OF INTERNAL
REVENUE, Respondent

Docket Nos. 10897–75, 2686–77.     Filed March 27, 1978.

Peter W. Herby, pro se.

William Brackett, for the respondent.

### MEMORANDUM OPINION

DAWSON, Judge:

These motions were assigned to and heard by Special Trial Judge Murray H. Falk. The Court agrees with and adopts his opinion which is set forth below.[1]

### OPINION OF THE SPECIAL TRIAL JUDGE

FALK, *Special Trial Judge:* Docket no. 10897–75 is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure, and docket no. 2686–77 is before the Court on respondent's motion to dismiss, pursuant to Rule 120, Tax Court Rules of Practice and Procedure, for failure to state a claim. Petitioner filed objections and a memorandum brief in opposition to both motions and both parties' oral arguments were heard.

Respondent determined deficiencies of $181 and $749 in petitioner's federal income taxes for 1974 and 1975, respectively, and an addition to tax under section 6653(a)[2] for 1975 in the amount of $37.45. At issue is a deduction claimed by petitioner as a "miscellaneous deduction" in respect of his conscientious objections to the payment of federal income taxes to support war.

At the time each petition was filed, petitioner resided at Salem, Virginia.

Petitioner's allegations of error in both petitions are substantially identical. He avers:

Since 8/29/72 I have been legally recognized by the government as a conscientious objector to war because of religious beliefs. Since 61% of federal taxes go to support war, I cannot in good conscience pay these taxes and so claimed a war tax deduction on my * * * tax form. I claim the First and Ninth Amendments as valid basis for my action and non-payment of federal income tax.

I have paid an amount equal to my federal taxes to a soup kitchen, medical clinic and hospitality house in Washington, D. C. which serve the poor of that city. I chose this as a worthy alternative because it provides services to citizens which the federal taxes might preferably have been spent on.

Respondent's motions must be granted if there is no genuine issue as to any material fact and a decision in respondent's favor may be rendered as a matter of law. Rule 121, Tax Court Rules of Practice and Procedure; *Anthony v. Commissioner,* 66 T.C. 367, 368 (1976). These criteria are met here and the motions are hereby granted. The law is so well settled that no extended discussion is necessary.

---

1. Since these are pre-trial motions and there are no issues of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.

2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

We do not doubt, nor does respondent attack, the sincerity of petitioner's convictions. His classification as a conscientious objector for purposes of our military conscription laws does nothing more than bolster a point not in issue.[3] For the purpose of these motions, respondent admits all of the material allegations of the petitions.

"The requirement that the petitioner bear * * * [his] fair share of the income tax does not interfere with the right to exercise * * * [his] religion." *Russell v. Commissioner,* 60 T.C. 942, 946 (1973). The taxing statute does not violate the First Amendment guarantee of religious freedom in these circumstances. *Anthony v. Commissioner, supra* at 373; *Muste v. Commissioner,* 35 T.C. 913, 918–919 (1961).

The Ninth Amendment cannot be applied to negate section 8 of article I of the Constitution, which grants to Congress the power to lay and collect taxes.[4] See *Autenrieth v. Cullen,* 418 F.2d 586, 588 (9th Cir. 1969), cert. denied 397 U.S. 1036, 90 S.Ct. 1353, 25 L.Ed.2d 647 (1970). Basically, petitioner objects to the way the government spends its money. But, a taxpayer's disagreement with the policies of the government, however sincere, does not justify nonpayment of income taxes. E. g. *Crowe v. Commissioner,* 396 F.2d 766 (8th Cir. 1968) (per curiam), affg. a Memorandum Opinion of this Court; *Ward v. United States,* 344 F.2d 316 (10th Cir. 1965); *Swallow v. United States,* 325 F.2d 97 (10th Cir. 1963), cert. denied 377 U.S. 951, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964); *Farmer v. Rountree,* 149 F.Supp. 327 (M.D.Tenn.1956),

affd. 252 F.2d 490 (6th Cir. 1958) (per curiam), cert. denied 357 U.S. 906, 78 S.Ct. 1150, 2 L.Ed.2d 1156 (1958).

Finally, petitioner's payments to other groups do not satisfy his income tax obligations. *Egnal v. Commissioner,* 65 T.C. 255 (1975); *Russell v. Commissioner, supra.* Congress, not petitioner, has the power to tax and spend under the Constitution.

Petitioner did not brief or argue the question of his liability for the asserted addition to tax under section 6653(a)[5] for 1975. In any event, it is clear that petitioner intentionally claimed a deduction for which he knew there was no provision in the Internal Revenue Code. His sincerity in doing so does not negate that intent. Cf. *United States v. Malinowski,* 472 F.2d 850 (3d Cir. 1973), affg. 347 F.Supp. 347 (E.D. Pa.1972), cert. denied 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973) (criminal willfulness not negated by good faith belief in the immorality and illegality of Vietnam War); *United States v. Douglass,* 476 F.2d 260 (5th Cir. 1973) (criminal willfulness not negated by sincerely held belief in the unconstitutionality of the internal revenue system).

Accordingly, respondent's motions will be granted in both dockets.

*Appropriate orders and decisions will be entered.*

---

**3.** If it is petitioner's position that there ought to be an accommodation made in the tax laws with regard to conscientious objectors, then he should address that argument to the Congress. Cf. *United States v. Seeger,* 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965) (tracing history of legislative action in respect of accommodations made in the military conscription laws with regard to conscientious objectors).

**4.** "It [the Ninth Amendment] was intended to preserve the underlying theory of the Constitutional Convention that individual rights exist independently of government, and to negate the Federalist argument that the enu-

meration of certain rights would imply the forfeiture of all others. The Ninth is simply a rule of construction, applicable to the entire Constitution." Comment, "The Uncertain Renaissance of the Ninth Amendment," 33 U.Chi.L.Rev. 814, 835 (1966).

**5.** "If any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment."