PHYLLIS J. SENESI and STEPHEN M. SENESI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Senesi v. Commissioner
Docket No. 363-81.
United States Tax Court
T.C. Memo 1981-723; 1981 Tax Ct. Memo LEXIS 18; 43 T.C.M. (CCH) 143; T.C.M. (RIA) 81723; December 23, 1981. Phyllis J. Senesi and Stephen M. Senesi, pro se. F. Michael Kovach, Jr., for the respondent. PARKER
MEMORANDUM OPINION PARKER, Judge: This matter is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief may be granted, filed on February 11, 1981, pursuant to Rules 40 and 53, Tax Court Rules of Practice and Procedure.[1] At the hearing on October 26, 1981, respondent filed a memorandum in support of his motion, and petitioners filed a written response to respondent's motion with an attached exhibit. Because we have considered petitioners' exhibit, which is a matter outside the pleadings, respondent's motion shall be treated as one for summary judgment under Rule 121. See Rule 40. *19 Respondent determined a deficiency in petitioners' 1978 Federal income tax in the amount of $ 203 and an addition to the tax under section 6653(a) [2] in the amount of $ 10.15. The issues for decision are (1) whether petitioners are entitled to a deduction for the portion of their taxes which they claim is attributable to expenditures for war and for related items that promote violence, and (2) whether petitioners are liable for the addition to tax under section 6653(a) for negligence or intentional disregard of the rules and regulations. Petitioners are husband and wife and at the time of filing their petition in this case resided in Kalamazoo, Michigan. Petitioners have long been active Christians and pacifists, and they adhere devotedly to principles of total nonviolence in accordance with their religious beliefs. On Schedule A of their 1978 tax return, petitoners claimed a deduction of $ 1,267.71 for "War Tax or other Deductions." In their written response to respondent's motion and in a letter to respondent *20 dated April 25, 1979, petitioners state that their claimed deduction represents 57 percent of the total tax liability that respondent says they owe fo 1978 and consists of various percentages of the national budget that are spent for the following items: the Department of Defense and the military, interest on the national debt, international affairs, general science and research, nuclear power research, uranium fuel resource development, prison construction, and collection of taxes. In his statutory notice of deficiency respondent disallowed petitioners' claimed deduction fo "War Tax or other Deductions" and imposed an addition to tax for negligence or intentional disregard of the rules and regulations under section 6653(a). On December 29, 1980, petitioners filed a petition in this Court in which they alleged as follows: The amount in dispute represents that portion of our federal taxes that go for militarism and other related items that promote violence in our society * * *. In consciences, formed by our religious beliefs, we cannot pay that amount and help contribute to the silent, steady build up of armaments and to the hardening of warring attitudes that lead to violent *21 rather than peaceful solutions to complex problems. * * * We have not disregarded rules and regulations either through negligence or intention but are using a constitutional right to exercise our religious beliefs. On February 11, 1981, respondent filed a motion to dismiss the petition. The motion was argued by the parties before the Court in Detroit, Michigan, on October 26, 1981. During that hearing, both parties filed written memoranda supporting their positions and respondent made an oral motion requesting that the Court impose damages for delay under section 6673. Respondent's motion for summary judgment must be granted if there is no genuine issue as to any material fact and a decision in respondent's favor may be rendered as a matter of law. Rule 121(b). These criteria are met in this case and, accordingly, respondent's motion is granted. [3]
Deductions are a matter *22 of legislative grace and unless Congress specifically provides for a deduction in the law it is not allowable. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Montgomery v. Commissioner, 64 T.C. 175, 182-183 (1975). Petitioners' basic argument is that a requirement to pay Federal taxes suppotive of military activity and related items that promote violence violates the protection given by the First Amendment to the United States Constitution to their pacifist religious beliefs and violates their moral convictions and consciences. Petitioners are aware that their argument has been previously considered and rejected by this Court and by the various Circuit Courts of Appeals and that the United States Supreme Court has denied certiorari in many of those cases. Although neither respondent [4] nor this Court questions the sincerity of petitioners' beliefs, their well worn argument, no matter how well intentioned, is without merit and frivolous. The law is so well settled that no extended discussion is necessary. For more than 20 years, in a long and undeviating line of cases, this Court and other courts have consistently disallowed deductions *23 or credits taken by taxpayers for a portion of their taxes which they estimated to be attributable to military expenditures or to other items to which they objected because of their religious, moral, and ethical objections to war and violence and because of their claimed "rights" under various constitutional provisions. [5]
*24 That petitioners' arguments have been rejected untold times in the past and that they are aware of such rejection are adequate to sustain respondent's imposition of the negligence addition under section 6653(a). Despite their awareness that their argument is legally frivolous, petitioners filed their petition herein to "make our religious beliefs public, to offer our thoughts in the public arena as elements of truth searching in which we are all engaged." Petitioners conclude their arguments by insisting that it is not a waste of "the court's time or anybody else's time here to talk about how our taxes are being spent for things that we feel are wrong in their very nature." However, petitioners are also aware that the proper forum in which to publicize their views on such matters is Congress and not this Court. Under the Circumstances, we think this is a proper case in which to impose damages under section 6673. Section 6673 directs the Tax Court to impose damages "[w]henever it appears * * * that proceedings before it have been instituted by the taxpayer merely for delay." [6] The legislative history of this section shows that it was designed to discourage frivolous appeals. *25 H. Rept. No. 1, 69th Cong., 1st Sess. 19 (1925). This Court recently has imposed damages under this section in tax protestor and other cases. Sydnes v. Commissioner, 74 T.C. 864, 870-873 (1980), affd. 647 F. 2d 813 (8th Cir. 1981); Greenberg v. Commissioner, 73 T.C. 806 (1980); Wilkinson v. Commissioner, 71 T.C. 633, 639-643 (1979). [7] In light of petitioners' knowledge that their argument was legally frivolous and without merit and their conscious choice to register their protests against war and violence in this Court despite that knowledge, we hereby award damages of $ 500 to the United States. *26 Nor is this Court the only tribunal that considers the imposition of damages proper in such a frivolous case. In another tax protestor situation, the Fifth Circuit Court of Appeals recently stated: Appellants' contentions are stale ones, long settled against them. As such they are frivolous. Bending over backwards, in indulgence of appellants' pro se status, we today forbear the sanctions of Rule 38, Fed. R. App. P. We publish this opinion as notice to future litigants that their continued advancing of these long-defunct arguments invites such sanctions, however. Lonsdale v. Commissioner, 81-2 USTC par. 9772, 48 AFTR 2d 81-6145. [8] While this Court too has in the past bent over backwards to indulge conscientious tax protecstors with their legally frivolous claims, such indulgence has not served to dissuade the very same protestors from instituting a second frivolous suit on the same stale issues. See Graves v. Commissioner, T.C. Memo. 1976-353, affd. per curiam 579 F. 2d 392 (6th Cir. 1978), cert. den. 440 U.S. 946 (1979), and Graves v. Commissioner, T.C. Memo. 1981-154, *27 on appeal (6th Cir. July 2, 1981). [9]
An appropriate order and a decision for respondent will be entered. Footnotes
1. Unless otherwise indicated, all rule references herein are to the Tax Court Rules of Practice and Procedure.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year herein involved, unless otherwise indicated.↩
3. In making our determination in this case, we do not find it necessary to reach the "standing" question, which has been addressed on other occasions by this Court. See Anthony v. Commissioner, 66 T.C. 367 (1976); Scheide v. Commissioner, 65 T.C. 455↩ (1975).
4. At the hearing respondent stipulated to the sincerity of petitioners' convictions. ↩
5. Lull v. Commissioner, 602 F. 2d 1166 (4th Cir. 1979), affg. per curiam Lull v. Commissioner and Herby v. Commissioner, Memorandum Opinions of this Court, cert. denied 444 U.S. 1014 (1980); First v. Commissioner, 547 F. 2d 45 (7th Cir. 1976), affg. per curiam a Memorandum Opinion of this Court; Authenrieth v. Cullen, 418 F. 2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Kalish v. United States, 411 F. 2d 606 (9th Cir. 1969), cert. denied 396 U.S. 835 (1969); Tingle v. Commissioner, 73 T.C. 816 (1980); Greenberg v. Commissioner, 73 T.C. 806 (1980); Anthony v. Commissioner, 66 T.C. 367 (1976); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. 559 F. 2d 1207 (3rd Cir. 1977); Russell v. Commissioner, 60 T.C. 942 (1973); Muste v. Commissioner, 35 T.C. 913 (1961). See also Graves v. Commissioner, T.C. Memo. 1981-154↩, on appeal (6th Cir. July 2, 1981).
6. Section 6673 provides that: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $ 500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. ↩
7. See also Swann v. Commissioner, T.C. Memo. 1981-236; Graves v. Commissioner, supra; May v. Commissioner, T.C. Memo. 1981-119; Babcock v. Commissioner, T.C. Memo. 1981-90↩.
8. Rule 38, Federal Rules of Appellate Procedure, provides: Damages for Delay↩. If a court of appeals shall determine that an appeal is frivolous, it may award just damages an single or double costs to the appellee. 9. Any appeal in this case would lie to the Court of Appeals for the Sixth Circuit.↩