BRUCE B. GRAVES and RUTH K. GRAVES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Graves v. Commissioner
Docket No. 10897-81
United States Tax Court
T.C. Memo 1982-507; 1982 Tax Ct. Memo LEXIS 240; 44 T.C.M. (CCH) 1035; T.C.M. (RIA) 82507; September 8, 1982. Peter M. Ritteman, for respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for trial in accordance with the provisions of General Order No. 6 (69 T.C. XV). The Court agrees with and adopts the Special Trial Judge's report which is set out herein below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: This case was called from the calendar at Detroit, Michigan, on August 3, 1982. There was no appearance by or on behalf of petitioners. Respondent appeared by his counsel. Subsequent to the issuance of notice of trial on April 19, 1982, respondent filed a motion for judgment on the pleadings on May 13, 1982, which was served upon petitioners on May 17, 1982, with a notice for response on *241 or before June 14, 1982. Petitioners filed no response to the motion, and by order dated June 17, 1982, the motion was calendared for hearing at the August 3, 1982, Detroit session where this case was calendared for trial. Respondent determined a deficiency of $5,127 in petitioners' 1978 income taxes and an addition to tax of $256.35 under section 6653(a) [1] for negligence or intentional disregard of rules and regulations. The deficiency determined was based upon the disallowance of a "war tax credit" in the amount of $5,127, which was one-half of the total tax liability shown on petitioners' 1978 return. Petitioners have brought the identical issue before this Court on two previous occasions. The first was at Docket No. 5057-75, wherein this Court denied the claimed credit in Graves v. Commissioner,T.C. Memo. 1976-353. That opinion was affirmed by the United States Court of Appeals for the Sixth Circuit, 579 F.2d 392 (1978). Petitioners' petition for a writ of certiorari was denied by the Supreme Court, 440 U.S. 946 (1979).
*242 Petitioners' second case was at Docket No. 5154-80, wherein this Court again denied the claimed credit and, suasponte, imposed the maximum amount of damages ($500) under section 6673, for frivolous appeals. Graves v. Commissioner,T.C. Memo. 1981-154. This Court was affirmed both as to the deficiency and the damages by the Sixth Circuit Court of Appeals in a per curiam opinion,     F.2d     (Jan. 28, 1982), 82-1 U.S.T.C. P9223,     A.F.T.R. 2d    . For the reasons given by this Court and the Court of Appeals in petitioners' two prior cases mentioned above, petitioners' claimed war tax credit is not allowable, and the respondent's motion as it relates to the deficiency must be granted. Turning to the addition to tax under section 6653(a), there can be no doubt that petitioners' underpayment of tax for 1978 was due, at the very least, to negligence, since they knew, at the time they filed their 1978 return on or before April 15, 1979, and claimed therein the war tax credit which gave rise to the deficiency (underpayment) in the present case, that they were not entitled to such a credit as was made clear by this Court's and the *243 Court of Appeal's opinions in their first case, and the Supreme Court's denial of their petition for a writ of certiorari. In such circumstances, respondent's motion as it relates to the addition to tax determined under section 6653(a) must likewise be granted. Finally, for the reasons given by this Court in petitioners' second case in its opinion issued on March 31, 1981, prior to the filing of their petition in the present case on May 20, 1981, by which time petitioners had lost on this issue not once but twice, damages in the amount of $500 under section 6673(a) should be imposed. There being no genuine issue of material fact, and respondent being entitled to prevail as a matter of law, respondent's motion for judgment on the pleadings should be granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩