KEITH DAVID BARTON, f/k/a WILLIAM KEITH TINGLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barton v. Commissioner
Docket No. 18299-80.
United States Tax Court
T.C. Memo 1982-622; 1982 Tax Ct. Memo LEXIS 126; 44 T.C.M. (CCH) 1510; T.C.M. (RIA) 82622; October 25, 1982. Keith David Barton, pro se. Rebecca T. Hill, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *127 OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency of $622 in petitioner's individual Federal income tax for the year 1978. Two issues are presented for decision: (1) Whether petitioner is entitled to a claimed "tax credit for conscientious objection to war" in the amount of $622 for the year 1978; and (2) Whether damages should be awarded to the United States on the grounds that petitioner instituted this proceeding merely for delay within the meaning of section 6673. Petitioner, Keith David Barton (formerly known as William Keith Tingle, hereinafter referred to as petitioner) resided in Allentown, Pennsylvania, at the time he filed his petition with this Court. Petitioner has long been opposed to war and military expenditures on both moral and religious grounds. On his 1978 Federal income tax return, petitioner claimed a "tax credit," in the amount of $622. In a letter attached to that return, he referred to the claimed tax credit, stating, in part: "I am claiming 33.3% of my calculated federal income tax as a tax credit for conscientious objection to war. This is a conservative estimate of the military portion of *128 the federal income tax * * *." In the statutory notice of deficiency, respondent disallowed the credit claimed by petitioner. At the trial, respondent's counsel filed a motion for an award of damages under section 6673. Although we acknowledge the complete sincerity of petitioner's moral convictions and religious beliefs, we find no merit in his claim for a tax credit. It is a fundamental principle of tax law that a taxpayer has no right to reduce his Federal tax liability merely because government policies or expenditures are not in accord with his religious or moral convictions, no matter how sincerely those convictions may be held. This and other courts have consistently upheld this principle, regardless of whether the taxpayer's claim is based upon rights set forth in the United States Constitution or in other laws, or is founded upon a particular religious belief. Lull v. Commissioner,602 F.2d 1166 (4th Cir. 1979), affg. per curiam T.C. Memo. 1978-74 and Herby v. Commissioner,T.C. Memo. 1978-119, cert. denied 444 U.S. 1014 (1980); Graves v. Commissioner,579 F.2d 392 (6th Cir. 1978), affg. per *129 curiam a Memorandum Opinion of this Court, cert. denied. 440 U.S. 946 (1979); First v. Commissioner,547 F.2d 45 (7th Cir. 1976), affg. per curiam a Memorandum Opinion of this Court; Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970). Petitioner argues, however, that he is entitled to claim the tax credit under the Ninth Amendment to the United States Constitution, which states: "The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people." Petitioner reasons that one of the rights not enumerated in the Constitution, but retained by the American people under the Ninth Amendment, is the right to obey one's conscience. Petitioner contends that, by claiming the credit in question he is exercising a right protected under the Ninth Amendment. Petitioner is the same individual as the petitioner in Tingle v. Commissioner,73 T.C. 816 (1980), in which this Court first considered whether the Ninth Amendment entitles an individual to refuse to pay taxes based upon a claim of conscience. In that case, petitioner *130 claimed a credit against his 1977 tax liability, similar to the credit claimed herein, and presented the same argument that he now offers in this case. After thoroughly considering the history and purpose of the Ninth Amendment, the Tingle case concluded that the Amendment provides no exception for those who have moral or conscientious objections to the use of Federal tax revenues. The Court observed that, although the petitioner sought to rely upon the Ninth Amendment, his claim was essentially no different from similar claims made by taxpayers who have sought to rely upon the rights expressly enumerated in the Constitution. Therefore, in accordance with the decision in Tingle, and the cases cited above, we conclude that petitioner is not entitled to any part of the "credit" claimed on his 1978 tax return. The second issue in this case is whether damages in the amount of $500 should be awarded to the United States, under section 6673, as requested by respondent. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to *131 the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Respondent contends that, because petitioner's argument with regard to the effect of the Ninth Amendment was rejected in Tingle, and because petitioner failed to file an appeal in that case, the Court should now decide that petitioner instituted this proceeding merely for delay. We note that this Court has used section 6673 to impose damages against tax protesters in several recent cases. McCoy v. Commissioner,76 T.C. 1027 (1981), on appeal (9th Cir., Sept. 15, 1981); Graves v. Commissioner,T.C. Memo. 1981-154, on appeal (8th Cir., July 2, 1981); Greenberg v. Commissioner,73 T.C. 806 (1980). We find, however, that an award of damages is not appropriate in this case. It appears from the record that the petitioner was cooperative at all times with the Internal Revenue Service, respondent's counsel, and this Court; he presented his claim with careful and thorough consideration and pursued its resolution *132 with dispatch. The record also shows that petitioner attempted to appeal this Court's decision in the Tingle case and that his appeal was rejected because it was untimely. It appears that petitioner may have brought this case in order to have a vehicle for appeal. While we recognize the futility of petitioner's claim, the evidence does not establish that petitioner instituted this proceeding "merely for delay." See Hatfield v. Commissioner,T.C. Memo. 1979-181; Ritchie v. Commissioner,72 T.C. 126 (1979). Accordingly, respondent's motion for an award of damages under section 6673 will be denied. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.