ROBERT MOORE, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moore v. Commissioner
Docket No. 543-82.
United States Tax Court
T.C. Memo 1983-251; 1983 Tax Ct. Memo LEXIS 538; 46 T.C.M. (CCH) 74; T.C.M. (RIA) 83251; May 5, 1983. *538 Robert Moore, Jr., pro se. Alfred A. Pierri, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case is before the Court on respondent's motion for summary judgment. Respondent determined a deficiency of $1,658 in petitioner's Federal income tax for the year 1980. Robert Moore, Jr. (petitioner) was a resident of Princeton, New Jersey, when he filed his petition in this case. On his 1980 Federal income tax return petitioner claimed an itemized deduction of $8,465.11, denominated as a "war crimes deduction," against his adjusted gross income. This claimed deduction was disallowed by respondent in his notice of deficiency. The only issue raised in the petition is based on petitioner's objection, on religious, moral and philosophical grounds, to the use of tax dollars for military purposes. Petitioner's views are fully set forth in a letter attached to his petition. On April 22, 1983, respondent filed a motion for summary judgment on the grounds that the petition fails to raise any genuine issue of material fact and that, as a matter of law, the petitioner is not entitled to a "war crimes deduction." We agree with respondent. For *539 many years this Court and others have held, in a long, undeviating and unending line of opinions, that a taxpayer may not refuse to pay income taxes on moral or religious grounds. See United States v. Lee,455 U.S. 252 (1982); Graves v. Commissioner,579 F.2d 392 (6th Cir. 1978) (war tax credit disallowed); Tingle v. Commissioner,73 T.C. 816 (1980) (Ninth Amendment); Greenberg v. Commissioner,73 T.C. 806 (1980) (Nuremberg Principles, international law and various international agreements and treaties). See also Russell v. Commissioner,60 T.C. 942 (1973); Muste v. Commissioner,35 T.C. 913 (1961). No provision of the Internal Revenue Code or any other statute allows a "war crimes" deduction. It is well established that deductions are matters of legislative grace and are not allowable unless Congress has specially provided for them. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Accordingly, we will grant respondent's motion for summay judgment. Rule 121, Tax Court Rules of Practice and Procedure.
An order and decision will be entered. *540