MARC ALAN GRUBER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gruber v. Commissioner
Docket No. 18292-81
United States Tax Court
T.C. Memo 1983-259; 1983 Tax Ct. Memo LEXIS 534; 46 T.C.M. (CCH) 112; T.C.M. (RIA) 83259; May 9, 1983. Howard H. Hill, for the petitioner. Steven W. LaBounty, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Certain of the facts have been stipulated, and the stipulation of facts and supplemental stipulation of facts are incorporated herein by reference. Petitioner was a resident of Piscataway, New Jersey, when he filed his petition in this case. During 1977 petitioner was a student at Hebrew Union College, Jewish Institute of Religion in new York City. He and his then wife filed a joint Federal income tax return for the year 1977. On that return, petitioner claimed a $3,900 "deduction for world peace" as a miscellaneous deduction on Schedule A. The amount of $3,900 did not represent any actual payment but was the amount necessary to bring petitioner's adjusted *535 gross income below the taxable levels for 1977. In lieu of making the tax payment otherwise due, petitioner sent the sum of $830 as an interest-free loan to a pacifist organization called the Fellowship of Reconciliation. Respondent determined a deficiency of $393 in petitioner's income tax for 1977. Petitioner is opposed, on religious grounds, to any and all forms of warfare and preparation for warfare. On May 31, 1981, he was ordained a rabbi. The Selective Service has classified petitioner as a conscientious objector. Petitioner claims that the Internal Revenue Code is unconstitutional as applied to him. He relies on the First Amendment guarantee of free exercise of religion and the Fifth Amendment guarantee of due process (which embodies the principles of equal protection, Bolling v. Sharpe,347 U.S. 497 (1954)). He claims to have standing to challenge the constitutionality of the tax laws because of the nexus between Federal spending on military matters (including interest paid on debts incurred in past wars and payments to veterans) and the taxes imposed on him without regard to his religiously based opposition to such spending. See Flast v. Cohen,392 U.S. 83 (1968). *536 It seems doubtful that petitioner could meet the test of Flast v. Cohen,supra, because to do so he must assert the violation of "specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power." Id. at 103-105. Cf., Egnal v. Commissioner,65 T.C. 255, 257 (1975); Scheide v. Commissioner,65 T.C. 455 (1975). Regardless of standing, however, the courts have repeatedly and uniformly held that a taxpayer's religious convictions do not entitle him to refuse to pay income taxes because he opposes the use to which the money collected is put. See, e.g.,Lullv. Commissioner,602 F.2d 1166 (4th Cir. 1979), affg. a Memorandum Opinion of this Court; Graves v. Commissioner,579 F.2d 392 (6th Cir. 1978), affg. a Memorandum Opinion of this Court; First v. Commissioner,547 F.2d 45 (7th Cir. 1976), affg. an order of this Court; Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969); Greenberg v. Commissioner,73 T.C. 806 (1980); Russell v. Commissioner,60 T.C. 942 (1973). [1] *537 Recently the United States Supreme Court stated: Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax. United States v. Lee,455 U.S. 252, 260 (1982). Petitioner's attempt to raise the additional constitutional issue of equal protection of the laws is equally without merit. In that context, petitioner cites Supreme Court cases dealing with education and elections, e.g.,San Antonio IndependentSchool District v. Rodriguez,411 U.S. 1 (1973); Kramer v.Union Free School District No. 15,395 U.S. 621 (1969); and Harper v. Virginia Board of Elections,383 U.S. 663 (1966). Those cases, of course, discuss the validity or invalidity of particular forms of discrimination. He also cites Murdock v. Pennsylvania,319 U.S. 105 (1943), and Follett v. McCormick,321 U.S. 573 (1944), which invalidated municipal ordinances to the extent that they would impose direct taxes on *538 religious activities. These cases are obviously not in point. The income tax laws, except for specific statutory exemptions not material here, are neutral as to religion. See Autenrieth v. Cullen,supra. The essence of petitioner's complaint is that the income tax laws fail to discriminate in favor of him and other conscientious objectors, a group that he claims constitutes a "discrete and insular minority." An equal protection argument, however, has the opposite thrust; it would more appropriately be made (whether or not successfully) on behalf of other groups opposed to some particular Federal expenditure if the requested special concession were granted to petitioner and those classified with him and denied to such other groups. The fact that petitioner loaned the money owing toward his income tax liability to a pacifist organization does not negate his liability. Even if he had made an irrevocable contribution to that group, such payment would be irrelevant. See Russell v. Commissioner,supra, in which the Court stated: It is Congress, not the petitioner, that has been granted the power to tax and to spend for the general welfare, *539 as well as for other purposes, under article I, section 8, of the Constitution. [60 T.C. at 947.] See also Lull v. Commissioner,supra. Similarly, deductions are a matter of legislative grace and must be authorized by Congress. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Petitioner points to legislation designed to create a World Peace Tax Fund, which has been proposed in the Congress on several occasions, providing an alternative payment program for conscientious objectors. See, e.g., 125 Cong. Rec. S3912-S3916 (daily ed. Apr. 4, 1979). The failure of Congress to adopt the proposed legislation, however, undermines petitioner's argument. Petitioner obviously must fail in his attempt to secure such legislation through judicial action. In assuming and acknowledging the sincerity of petitioner's religious convictions, we do not to any extent excuse or condone petitioner's conduct. Claiming a fictious deduction on his tax return, regardless of motive, is unlawful and would justify one or more of several alternative sanctions. Although petitioner did not conceal the nature of his claim, his method of asserting *540 it was not calculated to call attention to it. Petitioner is obviously an intelligent and educated individual and must have been aware of the many cases rejecting his position. He resorted to self-help knowing that there as a chance that his noncompliance with the law would not be detected. [2] If respondent had determined additions to tax for negligence or intentional disregard of the rules and regulations under section 6653(a), I.R.C. 1954 as amended, we would not hesitate to sustain them. At this point the law is so well settled that the claims of petitioner may be characterized as frivolous or groundless, and in the future awards of damages in similar cases may be anticipated. See section 6673, I.R.C. 1954 as amended; Greenberg v. Commissioner,supra at 813-816; Graves v. Commissioner,698 F.2d 1219 (6th Cir. 1982), affg. a Memorandum Opinion of this Court; Senesi v. Commissioner,     F.2d     (6th Cir. 1983), affg. a Memorandum Opinion of this Court. Decision will be entered for the respondent.
Footnotes
1. Petitioner does not even attempt to distinguish these cases.↩
2. Compare Randall v. Commissioner,T.C. Memo. 1981-130↩.