**Joseph W. WOIDA and Mary M. Woida, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 85–C–108.**

United States District Court,
E.D. Wisconsin.

June 6, 1985.

Joseph & Mary Woida, pro se.

Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., Thomas D. Sykes, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for refund of a percentage of a $500.00 penalty assessed under 26 U.S.C. § 6702. Federal jurisdiction is based on 28 U.S.C. § 1346(a)(1). Presently before the Court is the defendant United States' motion for summary judgment. The motion is granted.

The following facts are not in dispute. Plaintiffs Joseph and Mary Woida filed an Internal Revenue Service ("I.R.S.") Form 1040 for the year ending December 31, 1983. The form is signed by them and dated April 16, 1984. It was accompanied by a completed I.R.S. Schedule A, a leaflet bearing the heading "Do You Know What Your Tax Dollar Buys?," a second leaflet quoting a Quaker Declaration to Charles II, and a three-page letter to the I.R.S. The Form 1040 appears to be filled out properly except that on line 38, which is where the amount of tax is to be entered, plaintiffs wrote in the amount of $1,168.00 and indicated that this amount was taken from the tax tables in the Form 1040 Instructions. In fact, this amount was not taken from the tax tables. As they explained in the letter, the plaintiffs had withheld an amount purporting to represent sixty-four percent of their computed tax liability. The letter also stated that the plaintiffs

had determined that sixty-four percent of their tax dollars would go to military spending, and their religious beliefs prevented them from killing and being party to killing. The letter made references to the "threat of nuclear holocaust," the "lesson of Nuremberg" and a proposed "World Peace Tax Fund." Neither the form nor the letter reflects the correct amount that should have been entered on line 38.

The I.R.S. assessed a frivolous return penalty of $500.00 and notified the plaintiffs of the assessment. Pursuant to § 6702, plaintiffs paid the I.R.S. $75.00, which is fifteen percent of the penalty, and filed a claim for a refund. On their claim form, they argued that they were being unlawfully punished for enclosing their explanatory letter with their Form 1040. They contended that this violated their First Amendment rights to freedom of speech and freedom to practice the religion of their choosing. They also argued that the required payment of fifteen percent of the penalty as a prerequisite to the administrative claims process was an unlawful deprivation of property without due process of law. The claim was rejected, and this action followed. Plaintiffs ask that I declare § 6702 unconstitutional, order a refund of the $75.00, and enjoin the I.R.S. from imposing frivolous return penalties on others.

The statute under which the penalty was imposed, 26 U.S.C. § 6702, provides as follows:

§ **6702. Frivolous income tax return.**
(a) **Civil penalty. If—**
(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and
(2) the conduct referred to in paragraph (1) is due to—
(A) a position which is frivolous, or
(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
then such individual shall pay a penalty of $500.
(b) **Penalty in addition to other penalties.** The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

The legislative history of this section was canvassed in *Liljenfeldt v. United States,* 588 F.Supp. 966, 969–970 (E.D.Wis.1984), and need not be repeated here. In summary, the statute was enacted in response to the growing phenomenon of tax protesters and frivolous tax protest litigation. The statute provides the I.R.S. with a means of dealing promptly with purported tax returns reflecting frivolous positions, so that the tax collection process is not unnecessarily hampered.

The plaintiffs' primary contention is that their First Amendment rights have been violated. In their claim before the I.R.S., they asserted that they were being punished for including their letter along with their Form 1040. They argued that if they had not included this, the penalty would not have been assessed. Presumably, they mean that had they simply filed the Form 1040 with the incorrect entry on line 38, the I.R.S. would have corrected the error and notified them of any deficiency, and no frivolous return penalty would have been assessed. Yet because they chose to be forthright about their religious opposition to military spending and why this compelled them to misstate the amount of tax owed, so the argument goes, they are being punished for expressing their religious beliefs.

Yet plaintiffs cannot deny, and indeed they do not deny, that their religious opposition to military spending actually formed the basis for their decision to withhold a portion of their tax liability. Because the statute is directed expressly to persons whose decision to file a substantially incorrect return is due to a position that is frivolous, the issue is whether the plain-

tiffs' decision to withhold a portion of their income tax liability due to their religious opposition to war was frivolous.

 It was indeed frivolous. The law on this point is quite clear: a taxpayer may not reduce his federal tax liability by an amount that he believes is used by the federal government for military purposes. *First v. Commissioner,* 547 F.2d 45 (7th Cir.1976) (per curiam). More generally, the law simply does not contemplate that taxpayers may fill out their returns according to their personal moral or religious beliefs. *United States v. Lee,* 455 U.S. 252, 260, 102 S.Ct. 1051, 1056, 71 L.Ed.2d 127 (1982). There being no law to support plaintiffs' position, it can be characterized as frivolous, and the I.R.S. properly did so.*

The issue of whether § 6702 and the assessment procedure comport with due process was resolved in *Liljenfeldt v. United States.* This Court therein held that persons who file returns administratively determined to be frivolous do not have a Fifth Amendment right to a preassessment hearing. 588 F.Supp. at 971–972. Plaintiffs ask that I reconsider this decision. I decline to do so, and note simply that the same result has been reached by other courts that have considered the issue.

In opposition to the defendant's motion, the plaintiffs do not challenge any assertions of fact, but recite their religious opposition to war and quote Henry David Thoreau and Martin Luther King. While the Court does not question plaintiffs' sincerity, the fact remains that this country's foreign policy is established through the workings of a government elected by a majority of voters. Plaintiffs have had their opportunity to express their convictions on election day, and whatever forums for the expression of dissent are now available, the tax collection system is not among them.

THEREFORE, IT IS ORDERED that the defendant United States' motion for summary judgment is granted, and that plaintiffs pay the balance of the penalty with interest thereon at the rate provided by law.

---

\* While I do not make this a part of my finding that their position is frivolous, I note that the plaintiffs' position is futile. Obviously, withholding a portion of one's tax liability does not have the effect of withholding all of one's contribution to military spending. In other words, you cannot give the I.R.S. a pie with a discrete slice removed, you merely give the I.R.S. a smaller pie. The effect is that the government has a smaller sum to parcel out, to the detriment of defense spending and social welfare programs alike.