SYLVIA BROGDON DWIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dwight v. Commissioner
Docket No. 44324-86.
United States Tax Court
T.C. Memo 1988-100; 1988 Tax Ct. Memo LEXIS 128; 55 T.C.M. (CCH) 358; T.C.M. (RIA) 88100; March 7, 1988. Sylvia Brogdon Dwight, pro se. Roslyn Taylor, for the respondent. GOLDBERG
MEMORANDUM FINDINGS OF FACT AND OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code of 1986. [1]
*129 Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1980 and 1981 in the amounts of $ 395 and $ 318, respectively. Respondent also determined that petitioner was liable for additions to tax for 1981 under section 6653(a)(1) in the amount of $ 15.90, and section 6653(a)(2) in an amount equal to 50 percent of the interest due on the underpayment of $ 318. Further, at trial, respondent orally moved for an award of damages pursuant to section 6673 in the amount of $ 5,000. After concessions by respondent, the issues for decision are: (1) whether respondent correctly disallowed a credit claimed by petitioner on her 1981 return based upon her opposition to military expenditures by the Federal government; (2) whether petitioner is liable for additions to tax for 1981 under section 6653(a); and (3) whether damages should be awarded under section 6673. Petitioner resided in Myrtle Beach, South Carolina when she filed her petition. She timely filed her U.S. Individual Income Tax Returns for 1980 and 1981. On line 27 of her 1981 Federal income tax return, petitioner computed her income tax to be $ 653. On line 46 of the return, she claimed a *130 war tax protest credit of 50 percent, or $ 326.50 of the computed tax, thereby reducing her reported tax liability by one-half. Petitioner contends that she is connscientiously opposed to providing funds for military purposes and for this reason, as well as the dictates of her religious belief, she is unwilling to pay a tax which is used for military purposes. Petitioner graduated from Winthrop College in Rock Hill, South Carolina. She pursued graduate studies at Princeton University, Princeton, New Jersey, Western North Carolina University, Cullowhie, North Carolina, and St. Luke's Seminary at the University of the South in Sewanee, Tennessee. Petitioner is a highly educated person who sincerely believes the moral correctness of her views. At the outset, we have no doubt as to the sincerity of petitioner's convictions. However, there is no merit in petitioner's contentions. It is a fundamental principle of tax law that a taxpayer has no right to reduce her Federal tax liability on the ground that governmental policies or expenditures conflict with her religious or moral convictions, no matter how sincerely those convictions may be held. The courts have repeatedly upheld *131 this principle, regardless of whether the taxpayer's claim is based upon constitutional rights or is founded upon a particular ethical, humanitarian, or religious belief. Lull v. Commissioner,602 F.2d 1166 (4th Cir. 1979), affg. per curiam a Memorandum Opinion of this Court; Graves v. Commissioner,579 F.2d 392 (6th Cir. 1978), affg. per curiam a Memorandum Opinion of this Court; Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970). In accordance with the cited cases, we conclude that petitioner is not entitled to the war credit claimed on her 1981 tax return. Respondent is sustained on this issue. Respondent's determination that petitioner is liable for the additions to tax provided by section 6653(a) is presumed correct and petitioner has the burden of proving that the determination is erroneous. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Rule 142(a). Under section 6653(a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). *132 It is clear that petitioner intentionally claimed a war tax protest credit when she knew there was no provision in the Internal Revenue Code which would allow her to claim such a credit. We think the facts demonstrate that petitioner was negligent. She has not met her burden of proving otherwise. Finally, we must decide whether to award damages to the United States under section 6673. Section 6673 provides that if it appears to the Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $ 5,000 shall be awarded to the United States. We have carefully considered the record and under the particular circumstances of this case, we decline to impose damages under section 6673. Therefore, we will deny respondent's motion for an award of damages. To reflect the foregoing, Decision will be entered under Rule 155 and an appropriate order will be entered.
Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code of 1954, as amended and as in effect in the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. ↩