HAROLD W. LAQUE, PETITIONER *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 3711–68.    Filed February 4, 1970.

*August L. Lunquist*, for the petitioner.
*Charles L. Dunlap*, for the respondent.

134

This case and two companion cases, *Prudencia P. Lague*, T.C. Memo. 1970-28, and *Charles E. Parsons*, T.C. Memo. 1970-29, all involve the same issue of first impression, which is understandable. Prudencia and Harold, the petitioner herein, are husband and wife.

The salient facts of these cases are the same and are the result of the advice of a tax consultant who certainly must be deemed ingenious. In each case one spouse would deposit in a joint checking account a large part or all of his or her earnings. The nondepositing spouse would then make all the withdrawals using said amounts to pay for his or her own expenses and those of the children. In the case of the Laques this obviously necessitated two joint checking accounts, the husband depositing in one and the wife in the other.

The novel twist to this plan was that the depositing spouse (the Laques filed separate returns) deducted on his or her income tax return the amount withdrawn as a gift to his or her spouse. The deduction was labeled as a Form 709 deduction.

While one can certainly sympathize with the philosophy that is apparent in the claiming of such a deduction for gifts to a spouse, unfortunately, the claim must be denied.

The Form 709, which petitioners assert as their basis for taking the deduction, is a gift tax form on which all gifts over $3,000 must be reported. The form is to be used to compute one's gift tax liability and, unfortunately for petitioners, has nothing to do with computing one's income tax liability. We are unable to find any provision in our Federal income tax laws under which the gifts would be deductible.

Petitioner's second argument also deserves but short shrift. On brief he has advanced some vague contentions of unconstitutionality. He appears to be arguing that since Congress has permitted others to deduct charitable contributions petitioner is being discriminated against because he cannot deduct gifts to his spouse and that this violates his right to equal protection under the law.

The fallacy in this logic is patent. No taxpayer may deduct gifts made to his or her spouse and all taxpayers are entitled to a deduction for charitable contributions if the requirements of section 170 of the Internal Revenue Code of 1954 are met. It follows, *a fortiori*, that in this regard all taxpayers are treated equally.

In accordance with the above,

*Decision will be entered for the respondent.*