Charles Edward Parsons v. Commissioner.
Parsons v. Comm'r
Docket No. 309-68
United States Tax Court
T.C. Memo 1970-29; 1970 Tax Ct. Memo LEXIS 329; 29 T.C.M. (CCH) 88; T.C.M. (RIA) 70029; February 4, 1970. Filed *329 August L. Lundquist, Glen Burne, Md., for the petitioner. Charles L. Dunlap, for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: Respondent determined a deficiency in the income tax of the petitioner for the calendar year 1964 of $723.53. Due to a concession by the respondent the sole issue for decision is whether respondent erred in disallowing a deduction of $4,159, which petitioner designated as a "Form 709" deduction, for gifts to petitioner's wife. Findings of Fact Some of the facts were stipulated and are so found. Charles Edward Parsons (hereinafter referred to as petitioner) resided in Pasadena, Maryland, at the time his petition was filed herein. He filed his individual Federal income tax return for the calendar year 1964 at the internal revenue service center in Philadelphia, Pennsylvania. During 1964 petitioner and his wife Dorothy A. Parsons (hereinafter referred to as Dorothy) maintained a joint bank account, numbered XXX-X1-243, with the Maryland National Bank. Petitioner, who was employed as a printer and earned approximately $10,000 during the year, made all of the deposits in the account. Both petitioner and *330 his wife, however, made withdrawals. During the year in issue Dorothy withdrew $4,159. Petitioner had placed no restrictions upon her right to make such withdrawals. She used the funds to pay various personal and living expenses, such as grocery bills and payments toward the purchase of their house (to the Capitol Building and Loan Co. in Baltimore, Maryland). On his individual income tax return for the taxable year 1964 petitioner deducted the amount of $4,159 as a "Form 709" deduction. In his statutory notice respondent disallowed this deduction. The law and the facts at issue herein are substantially identical to those in Prudencia P. Laque, T.C. Memo. 1970-28, and Harold W. Laque, 54 T.C. 133, the sole differences being in the taxable years and the amounts of the deductions and deficiencies involved. For a complete discussion of the point of law at issue see our opinion in Harold W. Laque, 54 T.C. 133. On the basis of that opinion, and to reflect the concession of the respondent, Decision will be entered under Rule 50.