DONALD BODINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bodine v. Commissioner
Docket No. 12492-82.
United States Tax Court
T.C. Memo 1984-143; 1984 Tax Ct. Memo LEXIS 532; 47 T.C.M. (CCH) 1337; T.C.M. (RIA) 84143; March 22, 1984. Donald Bodine, pro se. Rona Klein, for the respondent. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION PATERSON, Special Trial Judge: This case was assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of Section 7456(c) and (d), [1] and General Order No. 8, 81 T.C. v. (July 1983). Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $2,990. The issues for decision are: (1) Whether petitioner's 1978 gambling earnings are includable in gross income; (2) Whether petitioner is entitled to claim dependency exemptions for his two daughters for 1978; (3) Whether petitioner is entitled to a theft loss deduction for child support payments withheld from his salary in 1978; (4) Whether petitioner is entitled to a theft loss deduction in 1978 for amounts paid for used car warranty insurance. (5) Whether petitioner is entitled to deduct alimony payments in excess of the amount allowed by respondent for 1978 and 1979; (6) Whether petitioner is entitled to a deduction for *536 business expenses in excess of the amounts allowed by respondent for 1978 and 1979; (7) Whether petitioner is entitled to a sales tax deduction in excess of the amount shown of the optional sales tax table as allowed by respondent for 1979; and (8) Whether the casualty loss deduction claimed by petitioner must be reduced by an additional $100 due to the existence of two separate casualties. 1. Gambling Income - 1978.
During 1978 petitioner received gambling winnings in the amount of $1,870 from which $373 of tax was withheld. Although petitioner agrees that proceeds from gambling are taxable, he argues that since the tax was withheld at the time of receiving the payment for his gambling winnings he need not report the gambling winnings in gross income. Petitioner confuses the provisions of section 3402(q), pertaining to withholding of tax from certain gambling winnings, and his general tax liability as determined under section 1. Texas withheld are simply a prepayment of a taxpayer's tax liability as finally determined for the year. To account for tax withheld a taxpayer *537 receives a credit for the amount of tax withheld. Section 31(a)(1). Accordingly, petitioner must report his gambling winnings in the amount of $1,870 under section 61(a) and is entitled to a tax withholding credit in the amount of $373. Petitioner also argues that section 3402(q) is unconstitutional since under this section all gambling winnings are not subject to withholding of taxes. However, the law is well established that uniform application of the tax laws does not violate the constitutional guarantee of equal protection of the laws. See United States v. Lee,455 U.S. 252 (1982); Graves v. Commissioner,579 F.2d 392 (6th Cir. 1978); Laque v. Commissioner,54 T.C. 133 (1970). Since section 3402(q) is uniformly applied to all taxpayers, it is not unconstitutional even though all gambling winnings are not subject to withholding because withholding on winnings is limited to proceeds of certain amounts. 2. Dependency Exemptions - 1978.
During 1974, petitioner was divorced from his wife Doris. Petitioner and Doris had two *538 children from the marriage. Doris was awarded custody of the two children. During 1978, petitioner contributed $1,225 for the support of each child. The divorce decree did not specify which parent was to receive the dependency exemption deduction. Petitioner claims he is entitled to the deduction since his contributions exceeded $1,200 per child. Respondent contends that Doris contributed more toward the children's support than did petitioner. The only issue we have to determine is whether petitioner or Doris contributed over half of each child's support for the year involved. Generally, when divorced parents either individually or together provide more than one half of the support for each of their children, the parent having custody of the child for the greater portion of the year is entitled to claim a dependency exemption for that child. Section 152(e)(1). However, if the noncustodial parent contributed $1,200 for the support of the child, and the custodial parent does not clearly establish that he provided a greater share of the child support than the noncustodial parent, the *539 child is treated as receiving over one half of his support from the noncustodial parent. Section 152(e)(2)(B). Together, petitioner and Doris provided more than one half of each of their children's support in 1978. Since petitioner contributed more than $1,200 for the support of each of his two children, the burden of proof is on respondent to show by a clear preponderance of the evidence that Doris contributed more toward the support of the two children than did petitioner during 1978. Section 152(e)(2)(B)(ii); section 1.152-4(d)(3), Income Tax Regs.; Pierce v. Commissioner,66 T.C. 840, 849 (1976); Labay v. Commissioner,55 T.C. 6, 11 (1970), affd. 450 F.2d 280 (5th Cir. 1971). To carry his burden of proof, respondent presented Doris' testimony concerning the support which she provided to the children including food, lodging, child care, clothing, medical care and entertainment. Expenditures for the various items of support were substantiated by credible evidence in the form of cancelled checks and Doris' *540 testimony. Based on the record, we find that Doris provided more than half of the support for each of the two children during 1978. It follows that respondent has carried his burden of proof by clearly showing that Doris provided more than half of the support for each child and that petitioner is not entitled to the two dependency exemption deductions for 1978. 3. Theft Loss - 1978.
Petitioner was divorced from his second wife Olga on September 27, 1977. Pursuant to the divorce decree, petitioner was required to pay $35 per week child support for his step-daughter and $50 per week alimony. When petitioner failed to make the required alimony and child support payments, Olga brought an action in the Supreme Court of the State of New York to recover the unpaid alimony and child support payments. On March 6, 1978, the court entered a judgment in the amount of $1,775 for arrearages in child support, alimony, and unpaid counsel fee, of which $1,120 pertained to the child support and alimony. In addition, the court ordered petitioner's employer to deduct $85 per week from petitioner's wages and to pay over this sum to Olga until the judgment was satisfied. Petitioner claimed *541 a theft loss deduction in the amount of $1,120 for the withheld payments. Petitioner contends the action of the court was illegal and constitutes a theft of his money. Respondent contends that since the payments were paid pursuant to a valid court order, there was no theft under state law. Section 165(c)(3) and (e) allows a deduction for unreimbursed theft losses in excess of $100 in the year a theft is discovered. Whether or not a theft has occurred is determined under state law. Luman v. Commissioner,79 T.C. 846, 860 (1982). The burden is upon petitioner to prove that the loss qualifies as a theft loss within the meaning of section 165(c)(3). Rule 142(a), Tax Court Rules of Practice and Procedure. Since the payments were paid pursuant to a valid court order, we can only conclude it was done in accordance with the law. Petitioner has presented no evidence to the contrary. Therefore, the withholding of $85 per week to satisfy the judgment did not constitute a theft and petitioner is not entitled to the deduction claimed. See Zwirkoski v. Commissioner,T.C. Memo. 1980-406.
*542 4. Casualty Loss - 1978.
In 1976 petitioner purchased a used 1972 Buick from "George Buick." The car developed mechanical problems in 1977 which were covered by used car warranty insurance issued by the Vehicle Protection Corporation. The used car warranty insurance was purchased through the auto dealer who sold petitioner the auto. Subsequently, the Vehicle Protection Corporation was enjoined from doing business in New York for violating New York State's insurance law by selling the used car warranty insurance without a state license. Petitioner filed a claim with the Vehicle Protection Corporation which was not paid. Petitioner then sued George Buick to recover his loss since he felt they were responsible for his loss. As a result of the suit petitioner recovered $300. Petitioner deducted the costs in excess of his recovery in the amount of $660. Respondent originally allowed $184 as a casualty loss but amended his answer at trial to disallow that amount as well. As to the asserted increase in deficiency, respondent has the burden of proof. Rule 142(a). As stated previously, *543 section 165(c)(3) allows a deduction for casualty and theft losses not compensated by insurance or otherwise. To qualify as a casualty, the loss must be due to some sudden, unexpected or unusual cause as opposed to progressive deterioration. Fay v. Helvering,120 F.2d 253 (2d Cir. 1941). If a car is defective when purchased and has not been damaged by an external force, there is no casualty. Cf., Wold v. Commissioner,T.C. Memo. 1963-154. Petitioner admits the auto was not damaged as a result of a sudden or unexpected outside cause. Accordingly, petitioner is not entitled to a casualty loss deduction. Further, respondent has carried his burden as to the asserted increase in the deficiency. Also, petitioner is not entitled to a theft loss deduction based on the dealer's sale of the insurance coverage. Petitioner made no showing that the transaction constituted a theft under New York law. Luman v. Commissioner,supra.
5. Alimony - 1978 and 1979.
As set forth above, petitioner was obligated to make weekly payments *544 for child support and alimony in the amounts of $35 and $50, respectively. During 1978 petitioner's employer withheld $3,060 pursuant to the court order from the New York Supreme Court. Petitioner claimed an alimony deduction in the amount of $2,600, the total yearly amount due for alimony. Respondent first allocated the payment to the yearly child support payment of $1,820 and the balance of the payment in the amount of $1,240 to petitioner's obligation for alimony. We agree with respondent's allocation of the payments. Section 71(b) provides that payments made for both child support and alimony are first allocable to the child support payments. Section 1.71-1(e), Income Tax Regs. See Lindsay v. Commissioner,T.C. Memo. 1970-6. For the year 1979, petitioner claimed a deduction for alimony in the amount of $7,374. Respondent allowed a deduction for alimony in the amount of $2,600, which is petitioner's yearly obligation for alimony. The record does not clearly reflect the breakdown of the total payment made, but it is clear that the payment *545 included petitioner's obligation for child support, alimony and attorney fees. Since petitioner has failed to show that part of the payment was for alimony arrearages, he is only entitled to a deduction for the current year's obligation of $2,600 as allowed by respondent. See Welch v. Helvering,290 U.S. 111 (1933). 6. Business Expenses - 1978 and 1979.
During 1978 and 1979 petitioner was employed as an air traffic controller for the Federal Aviation Administration. He claimed the following deductions with respect to his employment: 1978
Union dues
$ 616
Meals
230
Business travel
120
Insurance
84
Total
$1,050
1979
Union dues
651
Professional journals
25
Dues to professional
organizations
500
Telephone
45
Tax advice
5
$1,226
Respondent disallowed the deductions for lack of substantiation except for union dues of $71 in 1978 and $617 in 1979. Section 162 allows a deduction for ordinary and necessary expenses incurred in carrying on a trade or business. The burden is on petitioner to prove entitlement to the *546 claimed deductions. Rule 142(a), Tax Court Rules of Practice and Procedure.
The record reveals that petitioner paid a union initiation fee of $545 in excess of the deduction allowed by respondent for 1978. The few was adequately substantiated. Amounts required to be paid to join a union are deductible business expenses. Accordingly, this amount is deductible. See Josan v. Commissioner,T.C. Memo. 1974-144. However, with regard to 1979, petitioner was unable to support any deduction in excess of the amount allowed by respondent, and to the extent petitioner claimed a deduction in excess of that amount the deduction is denied. Petitioner claimed deductions for meals, lodging and auto insurance in connection with business travel in excess of the amounts reimbursed by petitioner's employer. Petitioner received a per diem and mileage reimbursement which petitioner claimed was inadequate to cover his travel expenses. Respondent disallowed the deductions for failure to comply with the substantiation requirements of section 274. *547 Section 274(d) requires substantiation of traveling expenses by adequate records or by sufficient evidence corroborating petitioner's own statement. Petitioner must substantiate (1) the amount of each separate expenditure; (2) the time and place of the travel; and (3) the business purpose of the expense. Section 274(d). Petitioner failed to present any evidence which corroborates any part of his testimony with respect to these items and the deduction must be denied. Sanford v. Commissioner,50 T.C. 823, 830 (1968), affd. 412 F.2d 201 (2d Cir. 1969). Petitioner paid $25 for a subscription to Flying magazine. The publication was directly related to petitioner's duties as an air traffic controller and the expense was adequately substantiated. The deduction will therefore be allowed. See Kaonis v. Commissioner,T.C. Memo. 1978-184, affd. by unpublished opinion 639 F.2d 788 (9th Cir. 1981). Petitioner made a voluntary contribution of $500 to his union. The contribution was not in the form of dues or an assessment. It was not a condition of union membership. Thus, *548 the contribution did not bear a direct relationship to petitioner's duties and is not deductible under section 162. Petitioner claimed a deduction for telephone expenses. He used his telephone for business and claimed a deduction in the amount of $40.Based on the record, petitioner is entitled to a deduction for the amount claimed. Finally, petitioner deducted $5 for the cost of a manual to aid him in preparation of his tax return. The expense was adequately substantiated. Such expenses are deductible as expenses in connection with the determination, collection or refund of a tax under section 212(3). See Contini v. Commissioner,76 T.C. 447, 455 (1981). The deduction is therefore allowed. 7. Sales Tax - 1979.
Petitioner claimed a deduction for personal property taxes in the amount of $75. At trial he admitted that the deduction was intended to be for state sales taxes paid in excess of the amount shown on the optional sales tax table.Respondent's determination *549 is presumed to be correct and the burden is upon petitioner to prove it incorrect. Welch v. Helvering,supra.Here, petitioner was unable to present any evidence to support his claimed deduction. To the extent petitioner claimed a sales tax deduction in excess of the amount allowed by respondent, the deduction is denied. Feistman v. Commissioner,T.C. Memo. 1982-306, affd. 718 F.2d 1110 (9th Cir. 1983), Russo v. Commissioner,T.C. Memo. 1982-248; Edmister v. Commissioner,T.C. Memo. 1977-208. For 1979, petitioner claimed a casualty loss deduction of $300. The deduction was the result of two separate casualties both occurring in 1979. The total amount of the losses combined was $400. Petitioner reduced the loss by $100, the statutory exclusion under section 165(h). Respondent contends that the casualty loss must be reduced by an additional $100 because it is the result of two separate casualties and that the proper amount of the exclusion is $200. As stated previously, section 165(c) allows a deduction for casualty losses to nonbusiness property. However, *550 the deduction for any loss is allowed only to the extent that the loss exceeds $100. Section 165(h). Further, the $100 limitation applies separately to each casualty. Section 165(h)(1)(A); section 1.165-7(b)(4)(ii), Income Tax Regs. Accordingly, respondent's determination on this issue is sustained.
Decision will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩