Anna M. ASCHENBACH, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. N–84–140 (WWE).

United States District Court,
D. Connecticut.

Nov. 13, 1984.

Martha Stone, Connecticut Civil Liberties Union, Hartford, Conn., for plaintiff.

Kurt F. Zimmermann, Asst. U.S. Atty., New Haven, Conn., Deborah S. Meland, Trial Atty., Dept. of Justice, Tax Div., Washington, D.C., for defendant.

### RULING ON DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

EGINTON, District Judge.

This is an action pursuant to 26 U.S.C. § 6703 for review of a $500 penalty summarily assessed against the plaintiff by the Internal Revenue Service (IRS) under 26 U.S.C. § 6702 for filing a frivolous income tax return for the year 1982. Plaintiff filed a standard IRS Form 1040, which was apparently properly filled out except for a military tax adjustment of $2,209.00.

Plaintiff alleges that 26 U.S.C. § 6702 is inapplicable and that her rights to freedom of expression, religion, conscience, petition, due process and equal protection have been violated. The defendant has moved for an order dismissing the complaint or granting summary judgment in favor of the defendant pursuant to Fed.R.Civ.P. 12 and 56, on the grounds that the complaint fails to state a claim upon which relief can be granted, there is no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law. Because this court finds that plaintiff has failed to state a claim upon which relief may be granted, the motion to dismiss is granted pursuant to Fed.R.Civ.P. 12(b)(6).

### APPLICABILITY OF 26 U.S.C. § 6702

In the first cause of action of the complaint, plaintiff alleges that the defendant's assessment and collection of a penalty against her was made illegally and without authority under 26 U.S.C. § 6702. The penalty is assessable only if two critera are met. First, the return must either not contain information on which the substantial correctness of the self-assessment may be judged, or contain information that on its face indicates that the self-assessment is substantially incorrect. Second, the conduct must be due to a frivolous position or a desire, which appears on the return, to delay or impede the administration of federal income tax laws. *Franklet v. United States*, 578 F.Supp. 1552, 1555 (N.D.Cal. 1984). The criteria have been met in this case. The return clearly shows that the self-assessment is substantially incorrect, because plaintiff took a patently unallowable deduction. The legislative history states that "the penalty could be imposed against any individual filing a 'return' showing an incorrect tax due, or a reduced tax due, because of the individual's claim of a clearly unallowable deduction." S.Rep.

No. 494, 97th Cong., 2d Sess. 278 (1982), *reprinted in* 1982 U.S.Code Cong. & Ad. News 781, 1024. In addition, the incorrectness of the plaintiff's return results from her adoption of a frivolous position. There is a long line of authority establishing the improper nature of war tax deductions. *Lull v. Commissioner,* 602 F.2d 1166 (4th Cir.1979), *cert. denied* 444 U.S. 1014, 100 S.Ct. 664, 62 L.Ed.2d 643 (1980); *Autenrieth v. Cullen,* 418 F.2d 586 (9th Cir.1969), *cert. denied* 397 U.S. 1036, 90 S.Ct. 1353, 25 L.Ed.2d 647 (1970); *Franklet v. United States,* 578 F.Supp. 1552 (N.D.Cal.1984). Furthermore, the legislative history specifically states that a penalty may be imposed against an individual filing a return that shows a reduced tax due because of a claimed war tax deduction. S.Rep. No. 494, 97th Cong., 2d Sess. 278 (1982), *reprinted in* 1982 U.S.Code Cong. & Ad. News at 1024. Hence, the penalty was properly assessed.

## ADMINISTRATIVE PROCEDURE ACT

■ Plaintiff's second cause of action alleges that the assessment and collection of the penalty against her were based on guidelines which should have been published pursuant to the Administrative Procedure Act. 5 U.S.C. §§ 552 and 706. In *Franklet v. United States,* 578 F.Supp. 1552 (N.D.Cal.1984), a case remarkably similar to the case at bar, the court ruled that no administrative guidelines were necessary for § 6702, because the assessment of the penalty was merely "the direct application of the plain terms of the statute supported by unambiguous legislative history." *Id.* at 1558. Other courts have ruled similarly. *See Simpson v. United States,* 84–1 U.S.T.C., ¶ 9257 (S.D.Ind.1984). Thus plaintiff's second cause of action is without merit.

## FREEDOM OF SPEECH AND PETITION

■ The third cause of action claims that 26 U.S.C. § 6702 violates plaintiff's rights to freedom of speech and to petition the government for redress of grievances under the First Amendment. Section 6702 in no way hinders plaintiff from complaining to government officials. *See Franklet,* 578 F.Supp. at 1556. It does not penalize her expression of political or moral beliefs. It simply penalizes the filing of legally incorrect returns which are not due to mistake or inadvertence or which are not based on legally supportable positions. *Welch v. United States,* 53 AFTR 2d 84–706 (D.Mass.1984). Even if plaintiff's First Amendment rights were abridged, the necessities of maintaining a revenue system raise a sufficient governmental interest sufficient to overrule these fundamental rights. The penalty provides a modest and clearly focused deterrent to frivolous interferences with the effective functioning of a revenue system. *Franklet,* 578 F.Supp. at 1556–57.

## FREE EXERCISE OF RELIGION AND FREEDOM OF CONSCIENCE

■ Plaintiff's fourth cause of action alleges that 26 U.S.C. § 6702 violates her right to the free exercise of her moral and religious beliefs and freedom of conscience as guaranteed by the First, Fifth and Ninth Amendments. The penalty imposed by § 6702 is neutral in nature. It does not penalize plaintiff's exercise of conscience. Moreover, the necessities of revenue collection raise governmental interests sufficiently compelling to outweigh the free exercise rights of those who find the federal income tax objectionable. *Franklet,* 578 F.Supp. at 1556. *See also United States v. Lee,* 455 U.S. 252, 102 S.Ct. 1051, 71 L.Ed.2d 127 (1982).

## DUE PROCESS

The fifth cause of action claims that 26 U.S.C. §§ 6702 and 6703 violate plaintiff's right to due process under the Fifth Amendment because they are vague and overbroad. In addition, plaintiff alleges that the statutes fail to provide meaningful notice, a prior hearing, and meaningful administrative review. Plaintiff's claims are without merit.

■ Due process requires that the definition of an infraction be in terms that the

ordinary person exercising ordinary common sense can sufficiently understand. A taxpayer exercising the common sense of an ordinary person will know or have reason to know that a war tax deduction is unallowable. *Franklet*, 578 F.Supp. at 1557. This is especially true where the Senate Report, S.Rep. No. 97–494, 1982 U.S.Code Cong. & Ad.News at 1024, cites as an example of a frivolous return one which claims a war tax deduction. Thus the statute is not vague.

 The overbreadth challenge must fail also because, as already demonstrated, § 6702 does not infringe constitutionally protected conduct.

The notice issued by the government did not deprive plaintiff of due process. The notice plaintiff received stated the assessment of the penalty, the taxable year for which it was assessed, and the statutory basis for the assessment. "Due process requires no more." *Franklet*, 578 F.Supp. at 1559.

Plaintiff argues that the requirement in § 6703(c) that the taxpayer pay 15% of the penalty before having the opportunity to challenge it in a district court deprived her of due process. The *Franklet* court expressly addressed this issue and determined that the constitutionality of tax collection without a predeprivation hearing has long been established. 578 F.Supp. at 1560. Plaintiff claims that because liberty rights are involved postponement of judicial inquiry is a denial of due process. This claim is without merit, as no violation of First Amendment rights has been found.

## EQUAL PROTECTION

In her sixth cause of action, plaintiff alleges that 26 U.S.C. §§ 6702 and 6703 violate her right to equal protection under the Fifth Amendment by imposing upon her a penalty which is not imposed upon others similarly situated. Plaintiff argues that the § 6703 penalty is imposed only on those who draw attention to a purportedly invalid entry on a return. Defendant claims that those individuals who improperly report their tax liability without explaining how or why they did so are not similarly situated. Furthermore, defendant contends that plaintiff is treated more favorably than such other taxpayers because she has not concealed the improper credit. Taxpayers who commit fraud are subject to a penalty equal to 50% of the underpayment. 26 U.S.C. § 6653(b).

This court agrees with defendant's argument. In addition, Section 6702 is rationally related to a legitimate governmental interest; namely, to deter the filing of legally incorrect tax returns. *Welch v. United States*, 53 AFTR 2d 84–706 (D.Mass.1984).

For the foregoing reasons, defendant's Motion to Dismiss is GRANTED.

SO ORDERED.